226 So.2d 30 (1969)
Mildred Irene PUTNAM, an Incompetent, by Her Guardian Ad Litem, Royce R. Lewis, Appellant,
v.
George P. PUTNAM, Appellee.
No. 1857.
District Court of Appeal of Florida. Fourth District.
June 25, 1969.
Rehearing Denied September 11, 1969.
*31 Errol S. Willes, of Willes, Bittan & Griffin, Fort Pierce, for appellant.
Richard V. Neill, of Fee, Parker & Neill, Fort Pierce, for appellee.
OWEN, Judge.
By post decretal order the court granted the ex-husband's petition to modify the terms of the final divorce decree which had incorporated by reference a written agreement of the parties. The same order denied the ex-wife's petition for attorney's fees and suit money. She appeals.
Appellant contends that the written agreement which was made a part of the final decree is not subject to modification under F.S. 1967, Section 61.14, F.S.A., because it was a property settlement agreement made between the parties in good faith while husband and wife, citing in support of such proposition numerous authorities, including Salomon v. Salomon, Fla. 1967, 196 So.2d 111; Clark v. Clark, Fla. 1955, 79 So.2d 426; Howell v. Howell, Fla.App. 1964, 164 So.2d 231. That law is well settled and we take no issue with it. It does not apply in this case for two reasons. In the first place, the written agreement was not a pure property settlement agreement but was basically and primarily what the courts have designated as a separation agreement providing not only for the division of property, but containing provisions for custody and support of the minor children of the parties and alimony and maintenance of the wife, including hospitalization, nursing and surgical expense incurred by the wife. The provisions relating to the alimony and maintenance of the wife, including the expense of medical treatment and hospitalization, were the provisions which the court modified, such being clearly subject to modification under the provisions of F.S. 1967, Section 61.14, F.S.A. Kosch v. Kosch, Fla. 1959, 113 So.2d 547; Ohmes v. Ohmes, Fla.App. 1967, 200 So.2d 849. In the second place, the agreement contained expressed language providing that the matter of alimony and maintenance for the wife would continue at all times to be subject to review by a court having jurisdiction of the parties. Thus, irrespective of whether the agreement was in substance a property settlement agreement or a separation agreement, the expressed intention of the parties was that it would be subject to modification upon the showing of a change of circumstances requiring an equitable adjustment in the amount of such alimony.
Appellant next contends that the circumstances shown did not justify the drastic reduction in the husband's liability under the final decree. The suit was filed in June, 1960, at which time the written agreement was executed and filed in the cause as a "Stipulation." The suit remained fairly dormant for approximately five years at which time the appellee, with leave of court, filed an amended answer and counterclaim and subsequently a final decree of divorce was entered in February, 1966. In October, 1964, while the suit was pending, the wife entered a private hospital as an in-patient for treatment of mental illness, at a cost of approximately $1600 per month which the appellee paid under the agreement. For nearly three years appellee continued to bear this expense, initially as an obligation under the agreement, and after the final decree was entered, as an obligation under the final decree. In August, 1967, he filed the petition for an order clarifying his liability under the final decree which ultimately resulted in the October, 1967, order here appealed. Without detailing the evidence, suffice it to say that the record contains *32 substantial, competent evidence to sustain the trial court's finding that the continued expense on the appellee at the rate of approximately $20,000 per year [which included $6,500 per year as alimony] for his ex-wife's care and maintenance as an in-patient at the private hospital was not reasonable, and that appellant's recovery would be hastened if she were to be placed on a day care basis over a transitional period of several months. The court thereupon ordered that after the conclusion of the calendar year 1967 the husband's liability under the final decree for the combined alimony and medical care and treatment would be limited to no more than $10,000 per year, subject to further modification in the event of other change in circumstances of the parties. The record does not disclose that this is either inequitable or an abuse of the trial court's discretion. We therefore affirm that portion of the order which so modified the final decree and limited the husband's liability thereunder.
Appellant also contends that the court erred in denying the wife's petition for suit money, including reasonable attorney's fees. The wife had assets of approximately $27,000, but was incompetent and had virtually no income from such assets. The husband's net worth was in excess of $600,000 and had an annual income, after payment of taxes, in excess of $28,000 per year. Although we sustain the trial court's finding that appellee's petition for modification was meritorious, nonetheless, appellee initiated this most recent step in the litigation and thereby placed the appellant in the position of being required to defend a decree which the court had theretofore entered. Considering the relative financial circumstances of the parties and the nature of the case, we conclude that the court abused its discretion in not allowing to the wife suit money, including reasonable attorney's fees, as authorized under F.S. 1967, Section 61.15, F.S.A. In so holding, we recognize that the statute does not make mandatory in every case an allowance of suit money and attorney's fees to the ex-wife, but we do hold that in this case the vastly disproportionate financial ability of the parties would require it.
That portion of the order denying the ex-wife's petition for suit money and attorney's fees is reversed and remanded for further proceedings on said petition. In all other respects the order is affirmed.
Affirmed, in part; reversed, in part.
WALDEN, C.J., and CROSS, J., concur.