WIGGINTON, Judge.
Plaintiff has appealed an adverse final judgment rendered by the Circuit Court of Duval County, which denied her prayer for judgment against defendant for past due support and maintenance under the terms of a separation agreement entered into between the parties prior to their divorce, and which modified the separation agreement by relieving the husband from making any payments to plaintiff as required thereby until further order of the court.
From the record before us it appears that the material facts on which this case was decided are not in dispute. The parties were married while residents of North Carolina where they lived during the entire period of their marriage which lasted *181 approximately eight years and as a result of which no children were born.
On February 11, 1966, appellant brought an action for divorce against appellee in the Superior Court of Forsyth County, North Carolina. To the complaint appel-pellee filed an answer and a counterclaim for divorce on his own behalf. During the pendency of the action the parties entered into what is described as a separation agreement by which they purported to settle their respective interests in certain real and personal property accumulated by them during their marriage. One of the provisions in the agreement provides that appellee pay to appellant for her support and maintenance the sum of $200.00 per month, which payments shall continue until death or remarriage of appellant. The agreement also provides that upon its execution appellee will withdraw his answer and appellant will take a voluntary nonsuit in her action, all with the understanding that the husband may file an amended answer requesting a divorce from his wife by reason of their separation over the required time.
The separation agreement was executed and acknowledged by the parties in compliance with all of the formalities required by the laws of North Carolina. An order was thereupon entered in the pending divorce proceeding, reciting that the matters and things in controversy with regard to the plaintiff’s action had been settled between the parties and, therefore, the plaintiff’s motion for a nonsuit was granted and the cause dismissed at the cost of defendant. Appellee’s counterclaim for divorce against appellant was filed, and a final judgment of divorce was rendered by the Superior Court of North Carolina by which the bonds of matrimony existing between the parties were dissolved.
Appellee paid to appellant the support payments of $200.00 monthly as required by the separation agreement through the month of October, 1968, but has failed or refused to make any further payments since that date. In the meantime appellee moved to Duval County in Florida where he was residing at the time of the institution of this action.
By her complaint filed in this cause appellant alleged in count one thereof the history of this case as recounted above and further alleged that the separation agreement entered into between the parties constitutes a “consent judgment” under the laws of North Carolina which cannot be enforced in that state because appellee has removed himself to the State of Florida. The complaint prays that the “consent judgment” held by her be established as a foreign judgment under the full faith and credit clause of the United States Constitution. It is further prayed that a money judgment for past due support and maintenance in the sum of $5,800.00 due under the consent judgment be awarded her.
Count two of the complaint realleged the allegations of count one and further alleged that the separation agreement constitutes a contract which appellee has breached by failing or refusing to pay to her the sum of $200.00 per month for her maintenance from October, 1968, to date. Appellant alleged that the amount due and owing to her from appellee under the terms of the contract is the sum of $5,800.00 as of March 10, 1971, and she prays for a money judgment against appellee in the amount found to be due.
By his answer appellee admitted the first five paragraphs of the complaint which alleged that the parties were married and had been divorced by final judgment rendered by the Superior Court of Forsyth County in the State of North Carolina. Appellee denied all the remaining allegations of both counts one and two of the complaint and demanded strict proof. In addition to his answer, appellee filed a counterclaim in which he acknowledged execution of the separation agreement referred to in the complaint, a copy of which was attached as an exhibit thereto. Appel-lee affirmatively alleged that at the time *182 such agreement was entered into appellant was hospitalized in a sanitarium in North Carolina, was not employed, and had no source of income other than that furnished by appellee. Appellee further alleged that since the execution of the agreement the circumstances of the parties have substantially changed in that appellant is now able to be and is gainfully employed and, therefore, appellee should not be required to continue paying to her the amounts for her maintenance as stipulated in the separation agreement. Appellee therefore prayed that because of the changed circumstances of the parties the court enter its judgment cancelling or decreasing the amount of support which appellee would be required to pay appellant under the terms of the agreement.
It is appellant’s contention that the trial court erred in refusing to recognize and enforce the separation agreement as a foreign judgment of the State of North Carolina under the full faith and credit clause of the United States Constitution.[1] Despite such contention, appellant has cited no authority, and our research has revealed none, whereby it has been held by the courts of North Carolina or elsewhere that a separation agreement entered into between a husband and wife preliminary to a judgment of divorce constitutes a final judgment of a court of competent jurisdiction possessing those attributes necessary to entitle it to recognition by a foreign state under the full faith and credit clause of the Constitution. It is to be noted that the divorce action between the parties was pending in the Superior Court of Forsyth County, North Carolina, at the time the agreement was executed. The agreement was certified to by a justice of the peace in Buncombe County, North Carolina. There was no proceeding pending in the justice of the peace court of the latter county in which the separation agreement could possibly be considered as a consent judgment as contended by appellant. The agreement was never introduced in evidence or made a part of the record in the divorce proceedings between the parties, nor was the agreement or any of its provisions referred to ratified, confirmed, or made a part of the final judgment of divorce which was ultimately entered by the Superior Court of Forsyth County. We therefore hold that the trial court was eminently correct in its refusal to recognize the separation agreement as a foreign judgment entitled to recognition in this state under accepted principles of law.
Appellant also contends that since the separation agreement was voluntarily and understandingly entered into free of fraud or coercion, and that it in fact was a consideration for her dismissing her action against appellee and permitting him to secure a judgment of divorce from her, he is irrevocably bound by the terms thereof and is estopped to seek a modification of the provision by which he agreed to pay her the sum of $200.00 monthly for her support and maintenance. She therefore asserts that the trial court erred in granting appel-lee’s counterclaim and relieving him from any further monetary obligations under the separation agreement until further order of the court.
F.S. Section 61.14, F.S.A., relating to modification of alimony judgments and agreements authorizes the court to modify support and maintenance obligations due by one spouse to another when circumstances of the parties have so changed as to require such modification, whether the obligation to pay emanates from a separation agreement or a judgment rendered by a court of competent jurisdiction. It would therefore appear that the legal status of a spouse’s obligation to pay support and maintenance to the other party of the marriage arising under a separation or property settlement agreement is the same as *183 that arising under a valid order rendered by the court, either of which may be modified upon a proper showing that the circumstances of the parties have changed.[2] In Posner, the Supreme Court said:
“The question of the future binding effect of such antenuptial agreements when presented to the Chancellor for approval and incorporation in the final decree, and the question of the modification thereof upon a showing of a change in circumstances after the entry of the decree of divorce, should be decided under applicable statutory law and judicial decisions relating to postnuptial contracts settling the alimony and/or property rights of the parties.” [Emphasis supplied.]
It is our view, and we so hold, that even though the parties agreed to the amount and duration of support payments to be thereafter made by appellee to appellant, such provision was subject to later modification by the court upon a proper showing of changed circumstances. The evidence in the case sub judice establishes that at the time appellee agreed to pay support and maintenance of his then wife, she was ill and receiving treatment in a sanitarium in North Carolina. Since that time she has apparently recovered her health and become gainfully employed in an occupation which enables her to earn in the neighborhood of $9,000.00 a year. Under the circumstances, the trial court found, and we agree, that the demonstrated ability of appellant to earn a living for herself no longer requires compliance by appellee with the financial obligations assumed by him in the separation agreement. The trial court’s judgment relieving appellee from making further payments to appellant for support until further order of the court cannot be held to constitute an abuse of discretion or departure from the essential requirements of law. By the final judgment rendered herein the court retained jurisdiction to require appellee to resume paying alimony to appellant in the event she should become unable to work and support herself. It is our view that this protective provision of the final judgment is fair to the parties and sufficient to insure that appellant’s future needs will be cared for.
Lastly, appellant asserts that the trial court erred in denying her the relief prayed for in count two of her complaint. As indicated above, this count is based on the contract of the parties and alleges that appellee has breached the terms thereof by failing and refusing to pay her the monthly amounts agreed upon from October, 1968, to the institution of this action.
There can be no question but that the separation agreement involved in this case was not merged in the final decree of divorce rendered by the Superior Court of Forsyth County in North Carolina. In the case of Underwood v. Underwood,[3] the Supreme Court of Florida said:
“The Court has repeatedly held, along with practically every other Court in the land, that property settlements between husband and wife made in good faith are valid and legal and should not be disturbed by the Courts. Vance v. Vance, 143 Fla. 513, 197 So. 128. That these agreements should be construed and interpreted as other contracts is no longer open to question. Bergman v. Bergman, 145 Fla. 10, 199 So. 920. * * *"
The above holding by Florida conforms to the general rule recognized in this country:
“Where the circumstances are such that the agreement, although incorporated or approved in the decree, is not *184 merged therein, the parties may enforce it by suing on the agreement rather than on the judgment. * * * ”[4]
Based upon the foregoing authorities, it is our view that the appellant was not required to first seek the aid of the Superior Court of Forsyth County in which the divorce decree was rendered for reduction to a money judgment of the delinquent amount of support payments due her by appellee as a condition precedent for seeking enforcement of her rights under the agreement in the Circuit Court of Du-val County in Florida.
It is our view that the agreement is a valid contract between the parties and that the provision thereof regarding support payments to be made by appellee to appellant was binding and enforceable until modified by a proper proceeding instituted in a court of competent jurisdiction. There is no dispute regarding the failure or refusal of appellee to pay the monthly amount of support money called for in the separation agreement over the period of time alleged in the complaint. Under these circumstances it is our view, and we so hold, that appellant was entitled to a judgment against appellee for all accrued payments due her under the separation agreement and that the court erred in denying the relief prayed for in count two of the complaint.
The judgment appealed is affirmed in part and reversed in part. The cause is remanded with directions that an amended final judgment be entered in favor of appellant under count two of the complaint for such amounts as may be found to be due her under the separation agreement from the date of first default to the date final judgment was rendered herein by the trial court on June 3, 1971.
SPECTOR, C. J., and JOHNSON, J., concur.

. “Full Faith and Credit shall be given in eaeh State to the public Acts, Records, and judicial Proceedings of every other State. * * *” Art. IV, § 1, United States Constitution.

. Posner v. Posner (Fla.1970), 233 So.2d 381, 385 (Fla.1972), 257 So.2d 530, opinion filed March 8, 1972; Del Vecchio v. Del Vecchio (Fla.1962), 143 So.2d 17.

. Underwood v. Underwood (Fla.1953), 64 So.2d 281, 287.

. 24 Am.Jur.2d 1048, Divorce and Separation, § 920.