GRIMES, Acting Chief Judge.
The parties entered into an “Agreement Incident to Final Judgment of Dissolution of Marriage” in 1972. The agreement provided in part:
The parties hereto further agree that the above agreement is fair and equitable, and either of said parties may offer the agreement into evidence and if ratified, confirmed and approved by the court, the same shall become a part of any judgment which may be entered by the court having jurisdiction thereof.
The only reference to the agreement in the final judgment of dissolution recited that “the ‘Agreement Incident to Final Judgment of Dissolution of Marriage’ is hereby ratified, approved and confirmed.”
Eleven years later, the wife filed a motion for contempt and for enforcement of the final judgment asserting the husband’s failure to comply with certain aspects of the agreement. The court dismissed the wife’s motion on the premise that the final judgment of dissolution failed “to adopt or incorporate by reference or to preserve jurisdiction to enforce executory provisions of the Agreement Incident to Final Judgment of Dissolution of Marriage.”
The only issue before us is whether or not the agreement was sufficiently incorporated into the final judgment so as to be subject to the court’s jurisdiction for purposes of enforcement. While there are no Florida cases precisely on point, we hold that the court had jurisdiction to entertain the wife’s motion.
The agreement was filed with the court at the time of the dissolution. By its own language, it provided that it would become a part of the judgment if it were ratified, confirmed and approved by the court. The final judgment expressly ratified, con *295 firmed and approved the agreement. We do not believe that the absence of words of incorporation bars the wife from seeking to enforce the agreement as if it were made a part of the judgment. Compare Martin v. Martin, 261 So.2d 179 (Fla. 1st DCA 1972), cert. denied, 411 U.S. 916, 93 S.Ct. 1546, 36 L.Ed.2d 308 (1973), with Eaton v. Eaton, 238 So.2d 166 (Fla. 4th DCA 1970). The lack of a reservation clause does not preclude enforcement of the judgment. Diette v. Diette, 471 So.2d 1372 (Fla. 5th DCA 1985); Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA), cert. denied, 188 So.2d 820 (Fla.1966).
Our decision is solely one of jurisdiction. We do not pass upon whether or not the wife is entitled to any relief upon her motion.
Reversed and remanded for further proceedings.
SCHEB and HALL, JJ., concur.