FRANK, Judge.
This appeal involves the construction of a document entitled Separation And Property Settlement Agreement executed by the appellant husband and the cross-appellant wife. The terms of the agreement provide in part: the wife was to receive $82,500, either in a lump sum or through periodic payments; she became the beneficiary of a policy. insuring the husband’s life in the amount of $118,000; and she was granted health and accident insurance coverage. The agreement reflects that the husband and wife entered into it in anticipation of the husband’s intention to dissolve the marriage. The husband sued the wife after her remarriage and contended that the subsequent marriage terminated the aforementioned obligations. The trial court determined that the $82,500 was in reality property, not alimony, and also permitted the wife to retain her beneficial interest in the life policy. The trial court did, however, terminate the health and accident coverage; hence the wife’s cross appeal. We affirm that aspect of the trial court’s order continuing the husband’s financial and life insurance obligations in effect and reverse the determination to end the health and accident coverage.
Section 61.14, Florida Statutes (1985), empowers trial courts to modify alimony or support payments notwithstanding that the obligation for such payment originates in a voluntary undertaking. The statutory power, however, does not extend to financial commitments stemming from agreements contemplating the payment of money or other thing of value as consideration in the resolution of a property dispute. Wolfe v. Wolfe, 424 So.2d 32, 34 (Fla. 4th DCA 1982). Here, the agreement, like the agreement in Wolfe, does not mention “alimony,” but, in contrast to the agreement in Wolfe, it provides that the husband’s “obligation for the total amount of $82,500 due to the wife shall be payable * * * whether wife shall or shall not remarry.” Moreover, one of the agreement’s prefatory paragraphs leaves no question that the parties executed the agreement with the bilateral purpose “to divide and adjust their property and finances, and to settle and determine finally and in all respects their present and future property rights, claims and demands between them.” In the face of that declaration and from our consideration of the agreement in all of its parts, we are able to conclude only that the now disputed sum of $82,500, characterized in the settlement agreement as “an additional property settlement,” and the life insur- *22 anee benefit are precisely that which was intended by the parties — property, not alimony subject to modification under section 61,14.
Finally, Putnam v. Putnam, 226 So.2d 30 (Fla. 4th DCA 1969), is relied upon by the husband to sustain the trial court’s termination of the health and accident coverage; it does not achieve that result. The agreement in Putnam, again unlike the one at hand, was not a “pure property settlement agreement.” 226 So.2d at p. 31. It encompassed matters, such as child support, alimony and maintenance of the wife, which were found subject to modification under section 61.14. Moreover, the Putnam agreement expressly contemplated ongoing judicial supervision of the benefits accorded the wife, such as medical treatment and hospitalization.
Accordingly, we affirm the trial court’s order but reverse and vacate that aspect of it which terminates the wife’s health and accident coverage; we remand for the entry of an order reinstating the wife’s entitlement to such coverage.
GRIMES, A.C.J., and HALL, J., concur.