SCHEB, Acting Chief Judge.
The husband appeals and the wife cross-appeals the trial court’s post-judgment order modifying a final judgment of dissolution of marriage. We affirm in part and reverse in part.
On June 1, 1984, the trial court dissolved the parties’ marriage. The final judgment approved and incorporated a marital settlement agreement previously entered into by the parties. The agreement included a paragraph 7 relating to alimony which stated in part:
The Husband shall pay to the Wife, as and for alimony, the sum of $1000.00 per month until the Wife dies or until the passage of 24 months, whichever first occurs, except that the parties agree that the Court shall reserve jurisdiction during the aforementioned two year period for the Wife to file a Petition to re-examine the financial positions of the parties for the purpose of increasing or extending the alimony due the Wife.
The agreement contemplated that the parties would sell the marital home and included a paragraph 9 which stated in part:
The wife agrees to pay the 1976 taxes, interest and penalty not to exceed $80,- *333 000.00 out of the proceeds of the sale of the former marital home located in Rie-gel’s Landing under the conditions set forth above.[1]
The home was offered for sale at $495,-000; however, under threat of foreclosure, it was sold in March 1985, for $350,000. After satisfying encumbrances and paying the expenses of sale, the wife realized net proceeds in the amount of $61,360.95. She deposited $50,000 of the net proceeds into an investment account and retained the remaining $11,360.95. The $50,000 account was “frozen” by court order in May 1985, so that the funds would be available for payment of taxes as contemplated.
In April 1985, the husband sought an order to enforce certain sections of the marital settlement agreement. The wife responded with a motion seeking relief from the final judgment. She contended that the husband fraudulently misrepresented his financial position at the time of the agreement and also sought relief on the ground of mutual mistake. Further, she asked the court to enter an order pursuant to section 7 increasing and extending alimony payments and to modify section 9 of the agreement relating to her liability for the 1976 income taxes.
The trial court denied the relief requested by the husband and denied the wife’s motion for relief from judgment. The court, however, ordered that the $1,000 monthly alimony payments to the wife be made permanent. In addition, the court granted the wife’s motion to modify the section of the marital settlement agreement relating to liability for the 1976 income taxes by reducing her obligation to $50,000. From that order, this appeal by the husband ensued.
The husband recognizes that the alimony provision is subject to modification. He contends, however, that the court abused its discretion in its modification of that section. Further, the husband concedes the wife is not responsible for the payment of taxes beyond the $61,360.95 she received as net proceeds from the sale of the house. He argues, however, that the trial court erred in allowing her to retain the sums over and above the $50,000 set aside for the payment of the 1976 taxes.
Ordinarily, property settlement agreements are non-modifiable. § 61.14, Fla.Stat. (1985); Salomon v. Salomon, 196 So.2d 111 (Fla.1967); Coniglio v. Coniglio, 370 So.2d 86 (Fla. 2d DCA 1979). However, such agreements can contain both modifiable and non-modifiable provisions. Putnam v. Putnam, 226 So.2d 30 (Fla. 4th DCA 1969). The parties’ agreement contemplated that the alimony payments were subject to modification. We find sufficient evidentiary support for the trial court’s modification of this provision, and we find no abuse of discretion in the award of permanent alimony. Canakaris v. Cana-Icaris, 382 So.2d 1197 (Fla.1980).
Concerning the trial court’s ruling on the 1976 tax liability, the parties stipulated in their agreement that payment for taxes would be made from “the net proceeds of the sale.” Thus, while it was appropriate for the trial court to reduce the wife’s liability, we think the court erred when it failed to require her to commit the entire $61,360.95 she received from the sale for payment of the 1976 taxes. By allowing the wife to retain a portion of those net proceeds, the court improperly modified a non-modifiable provision of the parties’ agreement.
The wife argues that the amount she was permitted to retain over and above the $50,000, merely reimbursed her for expenses and upkeep in preparing the home for sale. We do not reach the wife’s claim for a setoff since the evidence did not establish that the $11,360.95 was used to pay necessary expenses in connection with the marital home.
*334 The parties concede that the husband’s remaining point on appeal concerning items of personal property is now moot. Finally, we have examined and we reject the wife’s point on cross-appeal.
Accordingly, we direct the trial court to enter an order requiring the wife to repay the sum of $11,360.95, with interest, to be used along with the remaining proceeds in the investment account, towards payment of the parties’ 1976 taxes. Otherwise, we affirm the trial court’s judgment.
SCHOONOVER and SANDERLIN, JJ., concur.

. Although the trial court’s ruling was based on the provisions of paragraph 9, the marital settlement agreement contained a paragraph 6 which also pertains to the payment of the 1976 taxes. Paragraph 6 provides: “That in the event of the sale of the aforementioned marital residence, the Wife shall pay from the net proceeds of the sale, the joint income tax, interest and penalties alleged to be owed by the parties for the year 1976 in an amount not to exceed $80,000.00.”