513 So.2d 683 (1987)
Ruth Ann JANTZEN F/K/a Ruth Ann Cotner, Appellant,
v.
Donald R. COTNER, Appellee.
No. 86-2633.
District Court of Appeal of Florida, Third District.
September 1, 1987.
Rehearing Denied October 23, 1987.
Beckmeyer, Mulick & Wolkowsky, Tavernier and Carl Beckmeyer, for appellant.
Cunningham, Albritton, Lenzi, Warner, Bragg & Miller, Marathon and Alfred Bragg, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
We find no error in the lower court's determinations, made after trial upon conflicting testimony of the intentions of the parties, that the provision for the wife's alimony contained in the Cotners' marital settlement agreement was separable from the non-modifiable portion which divided their property between them, Putnam v. Putnam, 226 So.2d 30, 31 (Fla. 4th DCA 1969), cert. denied, 234 So.2d 118 (Fla. 1969); see Stevens v. Stevens, 510 So.2d 332, 333 (Fla. 2d DCA 1987) ("same agreement may contain modifiable and non-modifiable *684 elements"),[1] and that it created a non-vested, modifiable obligation which was therefore terminated by the wife's remarriage. See Boyd v. Boyd, 478 So.2d 356, 358 (Fla. 3d DCA 1985), review denied, 488 So.2d 67 (Fla. 1986); Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982); Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982); Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978); English v. Galbreath, 462 So.2d 876 (Fla. 2d DCA 1985); Broudy v. Broudy, 423 So.2d 504 (Fla. 3d DCA 1982).[2]
Affirmed.
NOTES
[1] As we understand the test which governs whether periodic payments are properly deemed to be part of a vested, non-modifiable property settlement, Salomon v. Salomon, 196 So.2d 111 (Fla. 1967)  rather than a modifiable discharge of the other spouse's support obligation  it is, as Putnam and Stevens make clear, not enough that the provision is in the same document. The question turns on whether the husband's payments are given in exchange or consideration for a reciprocal transfer of property interests of the wife; whether, in other words, the wife bought and paid for the payments and is therefore entitled to them as written as a matter of contract. See Salomon, 196 So.2d at 111; Boyd, 478 So.2d at 356; cf. Karch v. Karch, 445 So.2d 1077 (Fla. 3d DCA 1984), and cases cited.

Paragraphs A and B of the present contract list the properties to be owned by the husband and wife respectively after dissolution. The clause now in question is not contained in the list of the wife's assets; it provides, in an entirely separate paragraph, as follows:
C. ALIMONY: The husband hereby agrees to pay to the Wife the sum of ONE THOUSAND SIX HUNDRED SIXTY-SIX DOLLARS & 67/100 ($1,666.67) per month as alimony; said alimony to commence upon the 19th day of August, A.D., 1983 and to continue for the next consecutive ONE HUNDRED FORTYFOUR (144) MONTHS thereafter. This payment is tax deductible to the Husband.
The arrangement and content of these provisions  with an obvious distinction between the division of capital assets and the alimony clause now before us, see Clark v. Clark, 79 So.2d 426, 429 (Fla. 1955)  provides a strong indication that the latter was not given in partial exchange for the wife's rights; she had separately received that consideration in paragraph B. For this reason, among others, we cannot fault the trial court for the conclusion reached below.
[2] Among the items of evidence which support the finding of modifiability is the fact that the wife had herself taken that very position by previously moving for an increase in the alimony award on account of changed circumstances. See Broudy, 423 So.2d at 506 ("[W]e will not permit the wife to take a position inconsistent with that assumed by her in her cross-petition for modification."). While the wife's petition was withdrawn and did not result in an actual order to that effect, so that it cannot be technically said that an estoppel arose against her, Bryant v. Stevens, 313 So.2d 124, 125 (Fla. 2d DCA 1975) ("A party is not estopped to maintain an inconsistent position in his pleadings unless the previous position has been successfully maintained... ."); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979), her conduct in even filing the motion is highly persuasive of her own interpretation of the agreement. See Child v. Child, 474 So.2d 299, 301 (Fla. 3d DCA 1985) ("the parties' own conduct under a contract may provide the best indication of their intent in entering into it"), review denied, 484 So.2d 7 (Fla. 1986); Bassett v. Bassett, 464 So.2d 1203 (Fla. 3d DCA 1985), pet. for review denied, 476 So.2d 672 (Fla. 1985); 11 Fla.Jur.2d Contracts § 113 (1979).

We also think it significant that the agreement stated  and the parties followed this provision in practice  that, consistent with the tax treatment ordinarily given payments for support, the ones in question here were deductible by the husband  and thus taxable to the wife.
On the other hand, the fact that the payments were to be made over a fixed number of years does not itself show that a vested right has been created. See Paras v. Paras, 262 So.2d 203 (Fla. 4th DCA 1972).