521 So.2d 290 (1988)
Ernest A. PORTER, Appellant,
v.
Joan L. PORTER, Appellee.
No. 87-178.
District Court of Appeal of Florida, First District.
March 4, 1988.
*291 Lacy Mahon, Jr., Jacksonville, for appellant.
J. Clark Hamilton, Jr., of Penland, Penland & Pafford, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant husband appeals the order of the trial court granting appellee wife's motion for entry of a judgment for alimony arrearage and determining that the terms of the final judgment of dissolution may be enforced by contempt proceedings. We affirm but strike a portion of the order.
The final judgment of dissolution of the marriage of the parties was filed in February 1982. An agreement voluntarily entered into by the parties was incorporated in that final judgment. According to the agreement, appellant would pay appellee $2500 permanent alimony per month for the duration of appellee's life; the alimony would "terminate only upon the death of wife or remarriage of the parties to each other. It shall not be subject to modification by the husband for any reason" and "if husband should die before the wife, said payments of $2500 per month shall not cease but the payment thereof shall be a first charge and lien against the estate of the husband... ." The agreement further provided for a distribution of the real property of the parties.
After entry of the final judgment of dissolution, appellee remarried another than appellant. Thereafter, appellant terminated alimony payments. In October 1986, appellee filed a motion for contempt or, in the alternative, a motion for entry of a judgment on the arrearage. After a hearing, the trial judge entered an amended order granting her motion for entry of a judgment on the arrearage in the amount of $17,500 and finding that, pursuant to the agreement, the alimony payments do continue beyond the remarriage of the wife. He further determined that the terms of the final judgment may be enforced by contempt proceedings, but he did not hold appellant in contempt since his failure to pay was not willful or deliberate but was based upon a good faith argument as to the controlling law. He ordered appellant to resume payment as directed in the judgment of dissolution.
On appeal, appellant contends that appellee's remarriage terminates his obligation to pay alimony to her. We find that the trial judge was correct in concluding that the contrary terms of the agreement, freely entered into by the parties, prevail. See Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981).
Appellant also challenges the trial court's determination that contempt is a proper remedy to enforce the terms of the final judgment. We strike that determination in the order on appeal on the ground that such a ruling is premature at this juncture, prior to a clear showing that appellant's duty to pay is a support obligation, as opposed to a property settlement *292 which is not enforceable by contempt. See Marks v. Marks, 457 So.2d 1137 (Fla. 1st DCA 1984). Although the trial judge specifically found the monthly payments to be "alimony," indicating a support obligation, the record on appeal is insufficient to show an obligation enforceable by contempt.
Affirmed but remanded with directions that the portion of the judgment finding contempt to be a proper remedy for enforcement of the alimony payments be stricken.
BOOTH, J., concurs.
ZEHMER, J., concurs with written opinion.
ZEHMER, Judge (Specially concurring).
Because the $2,500 per month alimony provision, which the parties agreed would survive the husband's death or the wife's remarriage to another, should be treated as a means of effecting equitable distribution of marital property rather than provision for support after the wife's remarriage to another, I concur in the affirmance of the judgment for arrearage. Since my view of the alimony provision would necessarily preclude any characterization of it as meeting appellant's continuing obligation of support, which terminated upon the former wife's remarriage, I also concur in the decision to strike from the appealed order any reference to the right to enforce the obligation by contempt proceedings.