WIGGINTON, Judge.
Appellant husband appeals an order denying his petition for modification of a marital settlement agreement. We affirm.
Husband’s primary ground for modification is his assertion that wife has cohabited with another man for four years, that cohabitation has all the attributes of a “de facto marriage,” and therefore her entitlement to permanent periodic alimony should be terminated or at least reduced. We note at the outset that a party seeking reduction of an alimony award based upon a marital settlement agreement bears a heavier burden than usual. DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987). In an alimony modification proceeding, the primary considerations are economic factors, upon which reciprocal living arrangements may or may not have an ef-feet, depending upon the evidence. “The test is whether there has been a substantial change in the circumstances or the financial ability of the parties since entry of the agreement or order containing the alimony provision.” DePoorter. In the instant case, competent, substantial evidence supports the trial judge’s obvious finding that a “de facto marriage” was not proven in this case and his determination that, even if it had been, a substantial change in financial circumstances of wife was not shown.
Further, the record shows that, before executing the agreement, wife specifically rejected and struck a provision interjected by husband that alimony would terminate when she “commences living with an adult male not related by blood or marriage.” Husband thereafter clearly entered into the agreement freely and voluntarily. As stated in DePoorter:
An agreement which fails to make provision for unmarried cohabitation may be interpreted as precluding reduction or termination of alimony on that ground. [Citation omitted.] Furthermore, if the language of the agreement “indicates a clear intention of the parties that the agreed-upon provisions for alimony would be controlling, and that its terms would be modifiable only as authorized therein,” then the language is sufficient to operate as an implied waiver of any other ground for modification. Cunningham v. Cunningham, 499 So.2d 880, 882 (Fla. 1st DCA 1987).
In light of the terms of the marital settlement agreement and the evidence in the record, we agree with the trial judge that appellant husband has failed to meet his heavy burden of showing a change of circumstances sufficient to warrant a modification on any ground raised.
AFFIRMED.
WENTWORTH and THOMPSON, JJ., concur.