PER CURIAM.
This is an appeal of an order denying a motion to modify a final judgment in a dissolution of marriage action. We affirm, finding the trial court did not err in refusing to recognize an unfiled addendum to the agreement on which the judgment had been based, or alternatively, that the court did not err in denying modification on the evidence presented even assuming the addendum could properly be considered.
The final judgment had been entered on January 20, 1982, based on a final stipulation and agreement which apportioned a monthly payment of $1,400 to alimony[1] for *299 the wife and $100 to child support. The parties attach as an appendix to their briefs an unfiled addendum to the agreement acknowledging that the wife would be using a substantial portion of her alimony for child support and agreeing to a review of the wife’s child support entitlement in the event of termination of her right to alimony. The addendum provided the specified alimony would not terminate upon majority or self-support of the youngest child, unless “wife is relieved” of such obligation during the child’s minority.
In 1987 the trial court, on the wife’s motion, increased child support from $100 to $750. The appellant husband recites wife’s successful objection to consideration of the addendum in that proceeding, and he does not reference any appeal from that modification order. The husband’s subsequent motion to modify alimony to reflect the change in child support was denied by the order now before us, again following refusal by the court to consider the addendum (which contained an express provision against filing with the court).
At the time of the divorce proceedings, the husband was a practicing attorney. His financial affidavit showed an estimated gross monthly income of $6,250 based on an estimate of his 1982 income as $75,000. The husband’s actual income for 1982, however, was $89,036 with an additional retirement plan contribution of $8,448. The wife was then 45 years of age and was required to enter the job market for the first time in twenty years. She was enrolled in an MBA program at that time. The record indicates the husband presently earns approximately $100,000 annually exclusive of bonuses and benefits. Prior to the divorce he had no retirement or other tax deferred plan and has since accumulated $125,000 in his defined benefit plan and $38,000 in liquid assets. His home has also appreciated in value from approximately $192,000 to over $400,000. The wife is presently an academic advisor/instructor at the University of North Florida in Jacksonville and earns a total gross yearly income of $20,000. She testified that the parties’ son is currently undergoing psychological counseling and that the cost of his total needs is approximately $1,500 to $1,600 a month.
The record reflects that the husband’s ability to pay significantly increased since the time of the divorce and that the increase in child support did not reduce appellee’s need for continued alimony payment. The trial court correctly refused in this case to recognize the parties’ unfiled addendum to the stipulation and agreement upon which the final judgment was based. As noted in Martin v. Martin, 261 So.2d 179 (Fla. 1st DCA 1972), a trial judge may in subsequent proceedings refuse to recognize an agreement which was not introduced into evidence or made a part of the record in divorce proceedings, nor referred to, ratified, confirmed or made a part of the final judgment. The unfiled addendum in the instant case specifically stated that it was not to be so filed.[2] And even if the court could have considered its terms, the appellant husband shows no prejudice since competent substantial evidence supports the trial court’s order in any event.
The court did not err in basing the order denying reduction in alimony on the final judgment and the financial affidavits filed at the final hearing pursuant to Fla.R. Civ.P. 1.611(a), rather than on the husband’s request herein for consideration of 1977 through 1980 income. The purpose of the requirement of filing an affidavit in dissolution cases pursuant to Fla.R.Civ.P. 1.611 is to disclose the parties’ income at *300 the time of the dissolution, as well as to provide a basis for subsequent review in modification proceedings. The trial judge correctly based his order on the affidavits.
Affirmed.
ERVIN, BOOTH and WENTWORTH, JJ., concur.

. Appellant asserts his apportionment was to obtain a federal income tax advantage, reciting: Under the decision of the United States Supreme Court in Commissioner v. Lester, 366 U.S. 299 [81 S.Ct. 1343, 6 L.Ed.2d 306] (1961) all support payments not specifically allocated to child support were irrebutably deemed alimony. Since alimony is deductible for income tax purposes, support payments in divorce cases were frequently weighted toward *299 and designated as alimony as a tax saving device, even though actually intended for child support. Congress legislated this device away in the Domestic Relations Tax Reform Act of 1984.

. For a clearly distinguishable decision see Witcher v. Petty, 534 So.2d 1240 (Fla. 5th DCA 1988), where a property settlement agreement before the court provided that the wife was to receive support from the husband, which amount of money terminated upon the child reaching age eighteen, and the payments were not labeled alimony in either the divorce decree or the agreement. In that case the trial court was in a position to construe the language in the agreement and determine that the amount so indicated was an award of child support rather than alimony.