548 So.2d 793 (1989)
Virginia S. PETTY, Appellant,
v.
Eligia Jim PETTY, Appellee.
No. 88-549.
District Court of Appeal of Florida, First District.
September 6, 1989.
*794 Mark Evan Frederick, P.A., Destin, for appellant.
Ted A. Stokes, Milton, for appellee.
JOANOS, Judge.
The former wife appeals an order of the trial court granting the former husband's petition for modification of a property settlement agreement. The issues for our review are: (1) whether the trial court erred in construing the parties' support agreement as child support rather than alimony, and (2) whether the trial court erred in modifying the permanent alimony award absent a showing of a substantial change of circumstances. We reverse.
The marriage between the parties was dissolved by final judgment of dissolution entered on March 21, 1975. The final judgment incorporated the child custody and property settlement agreement entered into by the parties, which the trial court found had been executed voluntarily after full disclosure. The agreement sets forth details concerning division of the property owned by the parties, both real and personal, together with an express provision that the wife should receive "as permanent alimony the husband's monthly civil service retirement check." The alimony provision of the agreement further specified that
[i]t is specifically understood that the wife shall provide for the maintenance and support of the minor children born of this marriage and shall apply the proceeds of the alimony payment toward said support as the wife in her sole discretion determines to be necessary. In the event the wife remarries, and the alimony payment thereby terminates, the parties hereto agree to petition the Court for a determination of the amount of child support to be paid by husband.
On April 13, 1976, the former husband filed the first of several petitions for modification of the alimony provision contained in the final judgment. By order entered November 8, 1976, the alimony provision was modified to provide that "the wife shall receive as permanent alimony $531.65. Said check shall be received monthly until such time as the wife remarries or dies." In all other respects, the final judgment, including the grounds for termination of alimony, remained the same.
Thereafter, on occasion, from April 1979 up until the entry of the order which is the subject of this appeal, the former husband continued his efforts to effect a reduction in the alimony payments, while the wife filed motions for contempt due to the husband's failure to pay alimony according to the terms of the agreement as modified by the 1976 order. The wife also filed a counter petition predicated on a substantial change of circumstances, which petition alleged that, due to the wife's deteriorating health, her need for financial assistance had increased and her ability to support herself had decreased.
The trial court's order found the former husband in arrears in alimony and child *795 support, but denied the former wife's motion for contempt based on a further finding that the husband's failure to pay was not willful, wanton, or malicious. The trial court also denied the wife's counter petition for modification. Subsequently, the trial court denied another motion for contempt against the former husband, based upon the husband's failure to pay court ordered attorney's fees and costs.
On January 26, 1988, the trial court entered an order on the husband's petition for modification. The 1988 order from which this appeal is taken does not purport to modify the alimony provision of the final judgment of dissolution. Rather, the order construes the term "alimony" to mean "child support." The trial court found that the parties' children were no longer minors, and on this basis ruled that the husband was no longer required to make alimony or child support payments to the wife.
It is well settled that "[a] pure property settlement agreement is not subject to modification by the trial court without the consent of the parties." Kirchen v. Kirchen, 484 So.2d 1308, 1311 (Fla. 2d DCA 1986). See also Cannon v. Morris, 407 So.2d 372, 373 (Fla. 1st DCA 1981). However, a property settlement agreement which also makes provision for periodic alimony is separable and modifiable insofar as the support portion of the agreement is concerned. Jantzen v. Cotner, 513 So.2d 683 (Fla. 3d DCA 1987); Stevens v. Stevens, 510 So.2d 332, 333 (Fla. 2d DCA 1987); Kirchen, 484 So.2d at 1311; 2 H. Clark, The Law of Domestic Relations in the United States § 17.6, at 275 (1987). The nature of the agreement must be determined by an examination of the language of the agreement, the surrounding circumstances, and the parties' apparent purpose when they entered into the agreement. Underwood v. Underwood, 64 So.2d 281, 288 (Fla. 1953); Jantzen, 513 So.2d at 684, fn. 1. The test for determining when periodic payments constitute support or a methodology for division of property, seems to be whether the payor spouse's payments are given in exchange for a reciprocal exchange of property interests from the recipient spouse. In other words, the question is whether the recipient spouse bought and paid for the payments and is therefore entitled to receive them as written as a matter of contract. See Salomon v. Salomon, 196 So.2d 111 (Fla. 1967); Jantzen, 513 So.2d at 684, fn. 1; Boyd v. Boyd, 478 So.2d 356, 358 (Fla. 3d DCA 1985), review denied, 488 So.2d 67 (Fla. 1986).
In Jantzen, paragraphs A and B of the marital settlement agreement listed the properties to be owned by the husband and wife respectively after dissolution. The provision for payments to the wife was set forth separately in paragraph C, entitled "alimony." The court concluded that the arrangement and content of the provisions, with the obvious distinction between the listing of capital assets and the alimony clause, provided a strong indication that the latter provision was not given in partial exchange for the wife's rights. The court also found it significant that the payments at issue were treated as tax deductible by the husband, consistent with the tax treatment ordinarily given support payments. 513 So.2d at 684, fn. 1 and 2.
The party seeking reduction of an alimony award which arises from a property settlement agreement bears a heavy burden to justify such reduction. Ochs v. Ochs, 540 So.2d 190, 191 (Fla. 1st DCA 1989); De Poorter v. De Poorter, 509 So.2d 1141, 1144 (Fla. 1st DCA 1987). Such an agreement, entered into freely and voluntarily, may be modified only upon a showing of changed circumstances which are "sufficient, material, involuntary, and permanent in nature." Servies v. Servies, 524 So.2d 678, 680 (Fla. 1st DCA 1988) (emphasis in original). See also, Bish v. Bish, 404 So.2d 840 (Fla. 1st DCA 1981); Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA 1987), review denied, 531 So.2d 169 (Fla. 1988). Moreover, where the language of the agreement indicates a clear intention that the agreed-upon alimony provisions would be controlling and that its terms would be modifiable only as specified in the agreement, such language is sufficient to operate as an implied waiver of any other *796 ground for modification. Ochs, 540 So.2d at 191; Cunningham v. Cunningham, 499 So.2d 880 at 882 (Fla. 1st DCA 1987). Similarly, the party seeking termination of permanent, periodic alimony in modification proceedings must show "a substantial change in the circumstances of one or both parties not contemplated at the time of the final judgment of dissolution, and it must be further shown that the moving party is no longer able to pay any amount of alimony, or that the recipient has no need for money." Brown v. Brown, 440 So.2d 16, 18 (Fla. 1st DCA 1983), (emphasis supplied). See also Servies, 524 So.2d at 680.
Courts have so ruled because a separation agreement, entered into voluntarily after full disclosure and then ratified by the trial court, is a contract, subject to interpretation like any other contract. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953); Herrero v. Herrero, 528 So.2d 1286 (Fla. 2d DCA 1988); Kenyon v. Kenyon, 496 So.2d 839 (Fla. 2d DCA 1986); review denied, 506 So.2d 1042 (Fla. 1987); Bacardi v. Bacardi, 386 So.2d 1201 (Fla. 3d DCA 1980). A fundamental principle of contract interpretation is that contract terms will be given their plain meaning in the absence of any evidence that the parties intended the words to denote a special meaning. Herrero, 528 So.2d at 1287. Where the terms of the agreement are clear and free of ambiguity, the court will treat the written instrument as evidence of the meaning of the contract and the parties' intention thereto. Sosnowitz v. Sosnowitz, 342 So.2d 524, 525 (Fla. 3d DCA), cert. denied, 352 So.2d 174 (Fla. 1977).
The alimony provision at issue in this case was part of an overall child custody and property settlement agreement, which was ratified by the trial court by incorporation into the final judgment of dissolution. The agreement divided real property, automobiles, and other personalty, and assigned responsibility for outstanding mortgages to the recipient of the particular property involved. In addition, the agreement awarded custody of the parties' then minor children to the wife, with specific visitation provisions to the husband. In a completely separate section, the agreement stated that
the wife shall receive as permanent alimony the husband's monthly civil service retirement check. Said check shall be received monthly until such time as the wife remarries or dies. (emphasis supplied).
In these circumstances, there was no error in concluding that the alimony payment was unrelated to the division of property. Consequently, the alimony provision at issue in this case is separable and modifiable.
One year after entry of the final decree in this case, the husband petitioned for a reduction in alimony. Pursuant to that petition, the final judgment was modified to reflect that the wife would receive $531.65 monthly as permanent alimony, rather than the husband's monthly retirement check. While changing the manner of payment of alimony, the modification order made no change in the nature of the support. Further, there is nothing in the record to indicate that the husband sought review of any portion of the modification order, nor is there anything to indicate that either party petitioned for an apportionment of the permanent alimony award between child support and alimony.
The contractual agreement at issue in this case is clear on its face. Moreover, at the time of entry of the final decree, the trial court expressly found that the parties had entered into the agreement freely and voluntarily. The language of the agreement and of the order modifying the final decree evidence the parties' intent that the only basis for termination of the permanent alimony was the wife's death or remarriage. Neither the original agreement nor the modification order made provision for termination of alimony when the children of the parties reached majority.[1] Instead, the agreement placed sole discretion for the children's support in the wife.
*797 In similar circumstances, this court has held that the terms of the agreement will prevail. See Ochs, 540 So.2d at 191; Servies, 524 So.2d at 680; Porter v. Porter, 521 So.2d 290 at 291 (Fla. 1st DCA 1988). An alimony provision is always modifiable even though it is a part of an overall property settlement agreement, as was the case here. In this case, however, the trial court did not modify the alimony provision. Rather, the court construed the permanent alimony provision as mislabeled child support terminable when the children attained their majority. In so doing, the court substituted its view of the parties' agreement in a manner contrary to the plain meaning of its terms. This the court may not do.
Accordingly, we find the husband has failed to make the requisite showing for termination of permanent periodic alimony, see Brown v. Brown, 440 So.2d at 16, 18 (Fla. 1st DCA 1983), and reverse and remand the trial court's order terminating the husband's alimony obligation, with directions to reinstate the monthly alimony payments to the former wife. Our decision in this case is without prejudice to the former husband's right to petition for a reduction of the monthly alimony payment on grounds of changed circumstances.
SHIVERS, C.J., and ERVIN, J., concur.
NOTES
[1] Unlike the situation in Wickersham v. Wickersham, 544 So.2d 298 (Fla. 1st DCA 1989), the record in this case is devoid of any evidence that the support provision was labeled alimony to afford the husband a tax saving device, although it would be reasonable to infer that such was the case.