563 So.2d 1126 (1990)
Edwin A. JOYCE, Jr., Appellant,
v.
Dinah F. JOYCE, Appellee.
No. 89-2888.
District Court of Appeal of Florida, First District.
July 10, 1990.
Warren J. Bird and Paula L. Walborsky of Conner and Walborsky, Tallahassee, for appellant.
Kristin Adamson of Novey & Mendelson, Tallahassee, for appellee.
PER CURIAM.
The former husband appeals the trial court's denial of his petition for modification of the marital settlement agreement between himself and his former wife. Finding that the trial court erred in concluding that the alimony and undergraduate education provisions were parts of a nonmodifiable property settlement agreement, we reverse.
*1127 Nearly twenty years ago, the parties entered into a settlement agreement attendant to their dissolution of marriage. The agreement provided that the husband would pay child support of $25 per week for each of the two children, then one and one-half and three years of age, and $20 per week permanent periodic alimony. The agreement further provided that the husband would be solely responsible for the undergraduate educational expenses for the two children. The wife was to receive exclusive use and possession of the marital home for "so long as she desire[d]" and was held responsible for the expenses associated with the home during that time. The agreement provided, however, that should the wife voluntarily relinquish possession, the husband would have exclusive right of possession and be responsible for the expenses thereto. If the parties decided to sell the residence, the husband was to bear the cost of sale but also receive all net proceeds. The agreement also divided the personal property and intangible assets of the parties.
Paragraph ten of the agreement stated that the financial provisions were predicated upon the wife's needs during the time she maintained residence in the home but, in the event of her voluntary relinquishment of possession, the parties could reevaluate her needs. The agreement provided that should the parties be unable to agree to modification, a court of competent jurisdiction could resolve the dispute.
In June, 1988, the wife, joined by the older son, filed a petition requesting the court to enforce the provisions of the agreement requiring the husband to pay college expenses. The husband responded with a counterpetition for modification of the support provisions of the agreement requesting termination of his obligation to pay alimony, child support and college expenses. As grounds for such modification, the husband presented evidence that he had been fired from his $70,000 a year paying job and could no longer afford such financial obligations.
After a hearing, the court entered an order terminating the husband's responsibility for child support, finding the children had become emancipated and self-supporting. The court also found that the husband did not have the ability to pay alimony and that the wife no longer needed such support. Nonetheless, the court determined that the husband's obligation to pay alimony and college expenses for the children were parts of an integrated property settlement agreement governed by civil contract law and, therefore, the court was without jurisdiction to grant the husband's petition for modification. We disagree.
The general rule holds that pure property settlement agreements are nonmodifiable absent consent of the parties. Petty v. Petty, 548 So.2d 793 (Fla. 1st DCA 1989). As for the alimony provision, "[t]he test for determining when periodic payments constitute support or a methodology for division of property, seems to be whether the payor spouse's payments are given in exchange for a reciprocal exchange of property interests from the recipient spouse." Id. at 795. Furthermore, the property settlement must be viewed as any other contract, and where the terms are unambiguous, the agreement itself is evidence of the parties' intention and the meaning of the instrument. Id. at 796. Where the subject payment is support, the periodic alimony provision of the property settlement agreement is separate from the remaining parts and is modifiable, upon a showing of a substantial change in circumstances, not contemplated at the time of the final dissolution, and where the payor spouse no longer has the ability to pay, or the payee spouse no longer needs support. Id. at 795-796, citing Brown v. Brown, 440 So.2d 16, 18 (Fla. 1st DCA 1983).
Looking at the language of the agreement involved here, it is clear that the alimony provision was intended to be support, rather than a means of distributing the parties' property. First, as in the Petty case, the alimony section of the agreement is delineated separately from those provisions pertaining to the division of property and treatment of the marital home. Second, the agreement makes no indication that the husband received reciprocal property *1128 interests in exchange for payment of alimony. We reject the wife's contention that the husband's interest in the marital home was consideration for such support. This interest was contingent upon the wife's sole discretion to relinquish possession and, therefore, could not act as a reciprocal interest in exchange for payment of alimony. Third, the agreement specifically provides for the possibility of modification of the financial provisions when, and if, the wife relinquished possession of the marital home. This is contrary to a finding that the alimony payments were not support, but rather were part of the overall scheme of property distribution.
As for the college expenses, the same analysis applies. Like the provision regarding alimony, language requiring the husband to pay undergraduate educational expenses for the children is separate from those provisions delineating the division of the parties' assets. There is no consideration in the form of valued property interests for such obligation, and the agreement refers to adjustment of the "financial provisions," which conceivably includes college expenses. The requirement to pay such educational costs can, therefore, most logically be characterized as a form of child support subject to modification upon a showing of substantially changed circumstances. See Cannon v. Morris, 407 So.2d 372, 373 (Fla. 1st DCA 1981) ("Child support agreements, unlike property settlement agreements, are always subject to judicial modification whenever there is a change in circumstances.") See also, Martinez v. Martinez, 383 So.2d 1153 (Fla. 3d DCA 1980).
The trial court specifically found that the husband no longer had the ability to pay alimony and that the wife no longer needed such payments. Based on this finding, the court had jurisdiction to modify the alimony portion of the agreement. So, too, did the court have jurisdiction to modify the husband's requirement to pay undergraduate educational expenses for the children, upon a showing of substantially changed circumstances.
We, therefore, reverse and remand for further proceedings consistent with this opinion.
SMITH, NIMMONS and MINER, JJ., concur.