647 So.2d 160 (1994)
Kenneth E. ROBINSON, Appellant,
v.
Thelma Ruth ROBINSON, Appellee.
No. 93-354.
District Court of Appeal of Florida, First District.
June 7, 1994.
Janis Burke of Day, Meade & Burke, P.A., Fort Walton, for appellant.
C. LeDon Anchors of Anchors, Foster, McInnis & Keefe, Fort Walton Beach, for appellee.
PER CURIAM.
This case is before us on appeal from the trial court's order requiring appellant Kenneth Robinson (hereinafter former husband) to continue paying his former wife Thelma Robinson (hereinafter former wife) a monthly special equity payment from his military disability benefits and ordering him to pay former wife's attorney fees and costs. We affirm in part, reverse in part, and remand for further proceedings.
In March of 1985, the parties divorced after a 35-year marriage. At the time of the divorce, former husband was receiving military retirement benefits and a smaller amount of military disability benefits based on a 20-percent impairment to his eyes. In the dissolution action, the trial court did not award former wife alimony but did award her a special equity in former husband's military retirement in the amount of $250 per month plus any pro-rata cost-of-living increases. Starting in March 1985, the military automatically *161 deducted the appropriate amount from former husband's retirement benefits and paid former wife the monthly amount due. By 1992, that amount had increased to $313.55 per month. Former wife testified that she considered the monthly payment as alimony. Both parties treated the payments as alimony on their tax returns.
In October of 1991, former husband's condition deteriorated, rendering him legally blind. The military assigned former husband a new disability rating of 80 percent, which resulted in a change in the allocation of his benefits. Specifically, former husband began receiving $33 per month in actual military retirement and $977 per month in military disability. In February 1992, the military stopped making payments to former wife because of an insufficient amount of retirement benefits from which to draw the $313.55 per month. Former wife filed a motion for contempt. Former husband answered, filed a motion to dismiss, and a petition for modification should the court treat the payment as alimony.
After a hearing on former wife's motion for contempt and former husband's petition for modification, the trial court found that the monthly payment was not alimony but, indeed, a special equity interest which continued to exist notwithstanding the reclassification of former husband's retirement benefits to disability. Accordingly, the trial court ordered former husband to continue paying $313.55 per month. The trial court also ordered husband to pay former wife's attorney fees and costs. Former husband's appeal followed.
First, we find no error by the trial court in ordering former husband to pay former wife's attorney fees and costs. We cannot say, based on the record before us, that there was abuse of discretion by the trial court. O'Steen v. O'Steen, 478 So.2d 489 (Fla. 1st DCA 1985); Bryan v. Bryan, 442 So.2d 362 (Fla. 1st DCA 1983). Therefore, that portion of the order is affirmed.
As to the special equity payment, we recognize the dilemma faced by the trial court in reaching an equitable solution under these unique factual circumstances. However, we cannot sustain the trial court's order. The Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA) and federal case law are clear that military disability benefits are not subject to distribution to a former spouse. 10 U.S.C.A. § 1408(a)(4)(B) (Supp. 1993); 10 U.S.C.A. § 1408(c)(1) (1982); Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). Only that portion of retirement pension that constitutes a real retirement benefit, rather than disability, can be considered a marital asset subject to distribution. McMahan v. McMahan, 567 So.2d 976 (Fla. 1st DCA 1990); and Haydu v. Haydu, 591 So.2d 655 (Fla. 1st DCA 1991). Here, former wife's special equity interest in former husband's retirement benefits was extinguished by operation of law upon the reallocation of former husband's benefits from retirement to disability. Mansell, supra (former husband could modify a prior court order of dissolution granting former wife a 50-percent interest in his total military benefits to exclude any retirement benefits waived by former husband to receive disability). Therefore, the trial court erred in finding former wife had a continuing special equity interest in former husband's military disability benefits.
However, our analysis does not end there. We also hold the trial court erred in concluding the special equity payments made to former wife were not in the nature of permanent periodic alimony. In coming to this conclusion, we apply the test commonly used in cases involving property settlement agreements for determining whether periodic payments are support or a methodology for division of property.[1]See, e.g., Joyce v. Joyce, 563 So.2d 1126 (Fla. 1st DCA 1990). That test is whether the payor spouse's payments were given in exchange for a reciprocal exchange of property interests from the recipient spouse. Petty v. Petty, 548 So.2d 793, 795 (Fla. 1st DCA 1989); citing, Jantzen v. Cotner, 513 So.2d 683 (Fla. 3d DCA 1987).
*162 We find the language of the special equity provision in the initial order of dissolution to be in the nature of spousal support rather than a means of distributing property. First, the arrangement and content of the other provisions in the initial order indicate the award was not given in exchange for former wife's rights. The special equity provision was set apart and independent from the three preceding paragraphs disbursing the scant marital property. Further, the provision does not indicate that former husband received a reciprocal property interest in exchange for making the payments. See Joyce, supra. Second, no other alimony was awarded by the trial court after this 35-year marriage, in which former wife did not work outside of the home while raising the parties' child. Finally, we find it significant that both parties treated the payments as alimony for tax purposes and that the payment was monthly and for an indefinite length of time. See Petty, supra. Thus, we hold that the monthly special equity payments were in the nature of alimony and shall continue as such subject to modification only by a showing of a substantial change in circumstances.
To summarize, we affirm that part of the order requiring former husband to pay former wife's attorney fees below. We reverse that part of the order continuing former wife's special equity in former husband's military disability benefits. However, we also hold that such payments are in the nature of alimony and remand for the trial court to determine whether former husband can show a substantial change of circumstances. The trial court may take additional evidence as required.
BOOTH, MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] The general rule holds that property settlement agreements are not modifiable absent consent of the parties. However, a property settlement which also makes provision for periodic alimony is separable and modifiable. Petty v. Petty, 548 So.2d 793, 795 (Fla. 1st DCA 1989).