PER CURIAM.
This is an appeal by the ex-wife from an adverse judgment refusing to extend the term of alimony payments due to her, denying her an increase in such payments, and refusing to hold the ex-husband in contempt for failing to pay for their son’s 1987 college expenses.
Even assuming, arguendo, that the parties’ settlement agreement, which was incorporated into the final judgment of dissolution, can be read, contrary to the trial court’s reading of it, to permit Mrs. Powell to seek to extend the payment of alimony beyond the ten-year-and-one-month period set forth in the agreement, we nonetheless conclude that the trial court did not abuse its discretion when it denied Mrs. Powell’s petition to extend the payments. We reach this conclusion because an examination of the settlement agreement convinces us that the provision for the payment of $2,500 per month[1] of alimony over the more than ten-year period was plainly not a rehabilitative alimony provision, and thus, the showing that the ex-wife was required to make to extend the payments was a showing of changed circumstances, not her failure to become rehabilitated. That being the case, the trial court’s specific and entirely supportable finding that Mrs. Powell had failed to sustain her burden of showing a substantial and material change in circumstances to justify an increase in the amount of alimony is the functional equivalent of a finding that she failed to meet her same burden to justify an extension of the term of alimony.
We also affirm that portion of the trial court’s judgment which denied the ex- *262 wife s motion to hold the ex-husband in contempt for refusing to pay for their son’s college expenses. The record contains substantial and competent evidence from which the trial court could have concluded that the ex-husband did not willfully disobey any obligation that he may have had to make these payments. Our affirmance of this portion of the judgment does not, however, preclude the ex-wife from moving to require the ex-husband to pay for these expenses. Such a motion will raise the issue of whether the agreement obliges the ex-husband to pay for these expenses, rather than the issue thus far litigated in the contempt proceeding — whether the ex-husband labored under the good faith belief that he was not obliged to pay in the absence of the child’s responsibly seeking an education.
Affirmed.

. In 1980, this amount was increased to $3,500 per month. Powell v. Powell, 386 So.2d 1214 (Fla. 3d DCA 1980).