605 So.2d 597 (1992)
Carol L. AGLIANO, Appellant,
v.
John B. AGLIANO, Appellee.
No. 91-03179.
District Court of Appeal of Florida, Second District.
October 2, 1992.
Glenn E. Brown of Glenn E. Brown, P.A., Tampa, for appellant.
J. Ronald Wigginton, Tampa, for appellee.
FRANK, Judge.
Carol Agliano has sought our review of an order dismissing her petition for modification of a final judgment of dissolution. We have reviewed the parties' marital settlement agreement, incorporated in the final judgment, as well as Carol's petition. Although we sympathize with her in her current difficulties, we have no choice but to affirm the trial court.
On August 13, 1986, John Agliano filed a petition to divorce Carol Agliano, his wife. The marriage, which lasted twenty seven years, produced three children. The youngest child resides primarily with Carol and is the Agliano's only remaining minor. Carol and John share parental responsibility for his care.
After the petition was filed, the Aglianos negotiated and executed a marital settlement agreement, mutually pledging to be bound by its terms. Each had the advice of counsel when negotiating the agreement and entered into it freely and voluntarily. The agreement contemplated division of the marital property, custody of the minor child, alimony to Carol, and child support. Carol was provided with rehabilitative alimony of $1000.00 per month for ten years, that amount thereafter decreasing to $500.00 per month for five years. Carol further received $1500.00 per year in lump-sum alimony for four years, the marital home and the family car. John agreed to maintain health insurance coverage for Carol for three years following the divorce, and to assume many, if not most, of their marital debts.
At some point following the divorce, Carol was found to have incurable cancer. For several months, she submitted to treatments that ultimately proved unsuccessful. *598 Carol did not work during the period of treatment. Her illness exacted a financial toll not anticipated or foreseen at the time of divorce. Despite her illness, however, she eventually returned to work earning a wage of six dollars per hour. Consequently, in July 1991, Carol petitioned the trial court to modify the final judgment specifically requesting an enhancement of rehabilitative alimony, alleging a material change in circumstances  her recent decline in health.
Carol does not challenge the validity of the agreement. Rather, she argues that the fulfillment of its terms was impliedly conditioned on her capacity to achieve a self-supporting status. According to Carol, the parties did not intend a "non-modifiable" settlement, but rather an agreement anticipating Carol's ultimate rehabilitation. We are unable to extract that conclusion from the agreement.
The agreement in unmistakable terms defines the boundaries of the parties' financial relationship. Paragraph fourteen of the agreement provides that:
Both parties irrevocably waive any and all modification entitlement respecting the rehabilitative and lump sum alimony benefits ..., and agree that said rehabilitative and lump sum benefits shall be non-modifiable by either party during the term of said payments, or thereafter, and the parties hereby specifically agree that this is an irrevocable waiver of any and all right to subsequently petition the court for any modification of alimony, whether rehabilitative, lump sum or otherwise... .
Contrary to Carol's view, we find no indication in the agreement that either party's loss of good health would be an event devitalizing paragraph fourteen.
We have no doubt that cancer has impaired Carol's efforts to achieve a life-style commensurate with that she experienced during marriage. We cannot, however, ignore the fact that with the assistance of counsel Carol committed to a contract in which she waived all rights to increased support, and in which all financial matters between John and her were settled with finality. Her illness, however unanticipated, however unfortunate, does not detract from the unqualified terms of that agreement. Cunningham v. Cunningham, 499 So.2d 880 (Fla. 1st DCA 1986); Bassett v. Bassett, 464 So.2d 1203 (Fla. 3d DCA 1984), rev. denied, 476 So.2d 672 (Fla. 1985); Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA), rev. denied, 392 So.2d 1381 (Fla. 1980). The trial court, having approved and adopted all provisions of the agreement, was without jurisdiction, and correctly refused, to undertake modification. We, too, have neither the authority nor the power to alter or reform the parties' agreement.
Accordingly, the dismissal of the petition for modification is affirmed.
CAMPBELL, A.C.J., and PARKER, J., concur.