PER CURIAM.
REVERSED. We agree with appellant that the trial court erred in ruling as a matter of law that the settlement agreement of the parties, which provided for alimony and support for the appellant, could not be modified based upon a substantial change in circumstances.
In Florida, the statutory right to modification, unless specifically waived, is incorporated as a matter of law in any agreement or judgment providing for alimony. See Putnam v. Putnam, 226 So.2d 30 (Fla. 4th DCA), cert. denied, 234 So.2d 118 (Fla.1969). There was no waiver of the right to seek modification contained in the agreement, and, since the agreement itself provided for support, the court erred in concluding that a boilerplate waiver of alimony contained in the agreement constituted a waiver of either alimony or a modification thereof. In fact, the agreement also provided specifically for a possible modification should the appellant’s income be increased.
Our reversal does not mean that the court may not consider the circumstances existing at the time of the agreemént, and the intent of the parties, in construing the agreement and determining the issues raised by the petition for modification. For instance, the parties’ actual knowledge of a particular asset might be relevant in determining whether that asset was considered in making the agreement.
Since there was a trial, and a transcript thereof exists, we authorize the trial court on remand to determine within its discretion whether a new trial is needed, or whether the case can be resolved upon consideration of the existing transcript. The parties should, at a minimum, be permitted to appear before the court and argue their *1013 respective positions. There must be a new hearing, of course, if the parties assert on remand that there has been a further change in circumstances.
ANSTEAD, GUNTHER and KLEIN, JJ., concur.