HARRIS, Chief Judge.
Rafael Vargas, a captain in the United States Army, and his wife, Maria, were living in Germany when matrimonial discord arose. Maria, through counsel, prepared a separation agreement which she presented to Rafael for his approval.
The separation agreement was duly executed by both parties and was submitted to the court when Rafael ultimately filed for dissolution of the marriage in Orlando, Florida. Maria challenged the separation agreement on the basis of lack of full disclosure. The trial judge rejected her contention holding:
Well, I find they entered into an agreement that’s been reduced to writing and adequately executed by both of them. The wife had benefit of counsel. She was aware of her husband’s income, and there was financial disclosure prior to the entry of the agreement, and I would hold them to that agreement.
Maria then filed a supplemental petition for modification of the agreement to change the contract term limiting alimony to a maximum of five years to permit permanent alimony. The trial judge concurred with this petition and ordered permanent alimony. Rafael appealed; we affirm.
The only question before us is whether the wife, through the separation agreement, waived her right to seek modification.[1] There is no doubt that Florida recognizes the right of parties to contract away their right to seek modification of even alimony awards. Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946); Stebbins v. Stebbins, 435 So.2d 383 (Fla. 5th DCA 1983).
The applicable terms of this agreement are:
General Release: The parties mutually accept the provisions herein in full satisfaction of all property rights and all obligations whatsoever arising out of the marital relationship of the parties or otherwise, except as otherwise hereinafter provided. Each party, except as herein otherwise provided, does hereby release the other, and his or her respective legal representatives, successors, and assigns, from all causes of action, claims, rights or demands whatsoever which either ever had or now has against the other, and specifically relinquishes any right, title and interest in or to any past, present, or future *965 earnings, accumulation, money, or property of the other party. (Emphasis added.)
[[Image here]]
Modification, Prior & Subsequent Agreements: The parties hereby cancel, annul, and invalidate any and all prior property settlement agreements made by them at any time heretofore, whether oral or written. All modifications of this agreement shall be of no effect unless expressed in writing and signed by both parties. The parties agree that this Agreement contains their entire understanding, there being no representations, promises, warranties, covenants, or undertakings (“side-agreements”) other than those expressly set forth herein.
Clearly, the modification provision has no application to the issue before us. The wife does not contend that there were “side-agreements” or that the agreement has been subsequently modified. It is to the General Release that we must look to in order to determine whether the wife has waived her right to seek modification of alimony.
In looking at this provision, however, we agree with the principle urged by Judge Schwartz in his dissenting opinion in Bassett v. Bassett, 464 So.2d 1203,1205 (Fla. 3d DCA 1984) “an effective waiver of the right to modification may be deemed to arise only when it is stated either in express terms or through an interpretation of the agreement as a whole which can fairly lead to no other conclusion.”
The ci’itical language of the General Release provision is that emphasized above: “Each party ... does hereby release the other ... from all causes of action, claims, rights or demands whatsoever which either had or now has against the other.”
The right to seek modification of alimony which depends on a future change of circumstance is not a cause of action or claim that either party had either before the agreement or at the time of the agreement. The agreement, by its terms, does not attempt to waive causes of action for modification of support which might arise in the future. Had it done so, the waiver would have been effective. Without it, there is no effective waiver.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.

. Wc agree that the support provision, without waiver, is the type subject to modification and that, if modification is appropriate, the modification ordered by the trial judge was within her discretion.