QUINCE, Judge.
Mary Ann Sasnett challenges the trial court’s ruling in a dissolution proceeding which found that a pretrial agreement between the parties concerning temporary relief was a final determination on the issues of attorney’s fees and costs. We reverse because the trial court’s ruling is not supported by substantial, competent evidence.
On or about March 28, 1994, the parties appeared before the trial court on the wife’s motion for temporary relief and the husband’s motion for temporary injunction. At that time the wife had in her possession $122,328.58 of marital funds. The parties agreed to divide the funds for purposes of normal living expenses and attorney’s fees. The trial court affirmed this agreement in an order dated April 5, 1994, which provided, in pertinent part, that, “[T]he parties have entered into a temporary arrangement without prejudice to either party, and that the matter is being resolved by a division of marital funds currently in the possession of the Wife.... That said funds may be utilized by the parties for their normal living expenses and payment of attorney’s fees.”
The final judgment of dissolution of marriage, entered by the court on October 28, 1994, retained-jurisdiction to consider the matter of attorney’s fees and costs. Thereafter, the trial court denied the former wife’s motion to tax costs and attorney’s fees, finding the issue had been resolved by the parties’ oral stipulation on March 28, 1994. The order denying the motion to tax costs and *178 attorney’s fees was entered on April 20,1995, the same day the court entered an amended order, nunc pro tunc to April 5,1994, on the motion for temporary injunction and motion for temporary relief. The amended order added a provision that the monies divided by the parties would also be used for payment of costs.
Mr. Sasnett argued and the trial court agreed that the agreement reached by the parties on March 28, 1994, should be construed as a waiver by Mrs. Sasnett of her claim to any additional attorney’s fees or costs. We disagree. The terms of the stipulation do not clearly demonstrate an intent to waive future rights to attorney’s fees and costs.
At the hearing on March 28, 1994, the former husband’s counsel outlined the oral agreement as follows, “Judge ... [w]e have agreed that on a temporary basis, this is without prejudice to either side, that they would go ahead and split it.... The money will not be dissipated except to pay for their normal living expense and paying fees and costs of their attorneys in this action so far or up to the final hearing.” Both counsel’s statement to the court concerning the agreement and the court’s order use the terms “temporary” and “without prejudice.” These terms suggest the interim or short-term nature of the relief rather than a final determination.
In order to find that a waiver of rights has occurred, the language used in the agreement must clearly and unambiguously express waiver or the language must be such that an interpretation of the agreement as a whole can lead to no other conclusion but waiver. Vargas v. Vargas, 654 So.2d 963 (Fla. 5th DCA 1995). In Agliano v. Agitano, 605 So.2d 597 (Fla. 2d DCA 1992), this court found a waiver of any future entitlement to modification of alimony where the marital settlement agreement provided in unequivocal terms that the parties “irrevocably waive any and all modification entitlement.” Similarly, in Bassett v. Bassett, 464 So.2d 1203 (Fla. 3d DCA 1984), review denied, 476 So.2d 672 (Fla.1985), the third district found a waiver where the language of a marital settlement agreement permanently enjoined the parties from making any claims against each other. There is no language, express or implied, in the agreement before us that can be construed as an intent to waive the right to have the trial court determine the issues of attorney’s fees and costs.
Since it cannot be said that a waiver was intended by the parties’ agreement, the trial court erred in denying the former wife’s motion to tax costs and attorney’s fees on that ground. We remand this case to the trial court for reconsideration of the issues of costs and attorney’s fees.
RYDER, A.C.J. and LAZZARA, J., concur.