848 So.2d 1272 (2003)
Linda M. JOHNSON, Appellant,
v.
Bruce H. JOHNSON, Appellee.
No. 2D02-3355.
District Court of Appeal of Florida, Second District.
July 11, 2003.
Stephen R. Williams of Kaltenbach, Williams & Ristoff, P.L.C., New Port Richey, for Appellant.
No appearance for Appellee Bruce H. Johnson.
STRINGER, Judge.
Linda M. Johnson, the Former Wife, seeks review of the trial court's order enforcing a provision of the mediation agreement regarding Bruce H. Johnson's obligation as the Former Husband to pay for the minor children's medical expenses. The order required the Former Husband to reimburse the Former Wife for one-half of the children's medical bills paid by the Former Wife but declined to find the Former Husband responsible for medical expenses *1273 that had been incurred but not yet paid by the Former Wife. Because the trial court's order imposes an obligation on the Former Wife that was not expressly contemplated by the final judgment or mediation agreement, we reverse.
The parties' marriage was dissolved on December 15, 1992, and the final judgment incorporated into it a marital settlement agreement. Paragraph 10.2 of the settlement agreement requires the Former Husband to provide health insurance for the children and requires each party to pay fifty percent of all uncovered medical expenses over $100 per calendar year. The parties subsequently entered into a mediation agreement, which provides, "The father will continue to maintain the health insurance for the children. If the father fails to maintain insurance, he will pay for all of the children's medical bills." In May 2002 the Former Wife filed a motion for civil contempt alleging that the Former Husband had discontinued his health insurance and subsequently failed to pay medical bills for the parties' minor children.
The trial court ordered the Former Husband to reimburse the Former Wife for one-half of the children's medical bills paid by the Former Wife but declined to find the Former Husband responsible for medical expenses that had been incurred but not yet paid. The court found that the Former Husband was not required to pay for the children's medical bills until the Former Wife first paid those expenses. The court's stated rationale for so ordering was that the Former Wife could bargain with the medical providers and obtain reduced bills.
On appeal, the Former Wife argues that the trial court erred in determining that the Former Husband is not liable for the children's medical expenses that have been incurred but not yet paid by the Former Wife. The Former Wife correctly asserts that the order erroneously imposes an obligation on the Former Wife that was not expressly contemplated by the final judgment or mediation agreement.[1]
The trial court's interpretation of marital settlement agreements is subject to de novo review. Kipp v. Kipp, 844 So.2d 691, 691 (Fla. 4th DCA 2003); McIlmoil v. McIlmoil, 784 So.2d 557, 561 (Fla. 1st DCA 2001). Settlement agreements are to be interpreted in accordance with laws governing contracts. Id. Thus, absent evidence of the parties' intent to the contrary, the unambiguous language of the agreement should be interpreted according to its plain meaning. Id. The court should also consider the object sought by the provision of the agreement. Delissio v. Delissio, 821 So.2d 350, 353 (Fla. 1st DCA 2002), review denied, 842 So.2d 843 (Fla. 2003).
We conclude that the trial court's construction of the provision at issue was contrary to the plain meaning of the mediation agreement and must be reversed. Neither the final judgment nor the mediation agreement contains a provision placing a duty on the Former Wife to pay the medical bills and then seek reimbursement from the Former Husband. Furthermore, it is clear that the object of the provision in the mediation agreement was to make the Former Husband solely responsible for the children's healthcare in the event he failed to maintain health insurance. While we understand the court's consideration of *1274 the Former Wife's ability to bargain with the medical providers and attempt to obtain reduced bills, there is no reason that the Former Husband could not conduct those negotiations himself.
Reversed and remanded.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] We note that the trial court's order awarded the Former Wife only one-half of the medical bills she had paid even though the mediation agreement required the Former Husband to pay for all of the children's medical bills in the event he failed to maintain his insurance. However, the Former Wife does not raise this issue on appeal, so we do not decide its merit.