CASANUEVA, Judge.
In this postdissolution action, the former wife, Lynda Tapp, appeals the dismissal of her petition for modification of alimony. We agree with her contention that the trial court misinterpreted the language of the settlement agreement and reverse.
The final judgment of dissolution, entered in 2000, incorporated the terms of a settlement agreement that the parties had negotiated with advice of counsel. The paragraph at issue concerns alimony and provides:
8. Alimony. The Court awards to the Wife permanent periodic alimony until the remarriage of the Wife or the death of either party. However, if appropriate motions are filed regarding the competency of the Wife at the time of the remarriage of the Wife, the Court will reserve jurisdiction to examine and address the issue at that time. Commencing November 15, 1999, the Husband shall pay directly to the Wife the sum of One Thousand Seven Hundred Fifty Dollars ($1,750.00) per month as permanent periodic alimony, but this amount shall be reduced on a dollar-for-dollar basis for each dollar the Wife receives from retirement accounts of Kenneth W. Tapp, or when she begins drawing social security or for other retirement like payments. Following entry of the Final Judgment, all support payments shall be made payable through the Central Government Depository/ State Disbursement Unit, Tallahassee, Florida through an Income Deduction Order. Furthermore, as agreed between the Parties, the earliest the Wife would begin drawing said retirement payment would be at the age of 62. The Parties further agreed that they will not have to come back to Court to litigate a modification of this Final Judgment as a result of this provision for an automatic dollar-for-dollar reduction, except for enforcement.
In 2003, the former wife filed an amended supplemental petition for modification of the final judgment of dissolution seeking an increase in her alimony. She claimed that since the divorce she had developed certain medical problems, that these problems had resulted in unforeseen expenses, and that the former husband’s earnings had increased, enabling him to pay her additional alimony. The former husband filed a motion to dismiss her petition, arguing that paragraph eight of the settlement agreement precluded modification of alimony except as to the predetermined dollar-for-dollar reduction for receipt of future retirement benefits.
The trial court agreed with the former husband’s argument and dismissed the petition with the following specific finding:
Paragraph 8 of the Amended Final Judgment of Dissolution of Marriage constitutes a waiver of the right to modify alimony and is therefore non-modifiable. It was the parties’ intent, as stat *444 ed in the last sentence of the paragraph, that the parties would only return to the Court to litigate the issue of alimony for the sole purpose of enforcement of the provisions of that entire paragraph regarding alimony. The court found Agliano v. Agliano [, 605 So.2d 597 (Fla. 2d DCA 1992),] helpful and persuasive along with several other cases provided to the Court by counsel for the Former Husband.
Because the trial court’s decision was based on its interpretation of a eontraet-the settlement agreement incorporated into the dissolution judgment-we review this matter de novo. Johnson v. Johnson, 848 So.2d 1272 (Fla. 2d DCA 2003). We hold that the trial court erred as a matter of law by concluding that the last sentence of paragraph eight constituted a clear and unequivocal waiver of the former wife’s right to seek any modification of alimony.
Parties to a marriage may waive their statutory right to seek modification of alimony provisions in a settlement agreement if the language in the agreement clearly and unambiguously expresses waiver or if the “interpretation of the agreement as a whole can lead to no other conclusion but waiver.” Sasnett v. Sasnett, 683 So.2d 177, 178 (Fla. 2d DCA 1996). To the extent that the last sentence of paragraph eight leads to “no other conclusion but waiver,” it is limited to the implementation of the provision for automatic dollar-for-dollar reduction in alimony.
The trial court’s ruling ignored the restrictive nature of the key phrase in the last sentence: “as a result of this provision for an automatic dollar-for-dollar reduction.” That phrase modifies the language expressing the agreement of the parties to “not have to come back to Court to litigate a modification” and limits their waiver of the right to modify to the automatic dollar-for-dollar reduction provision. Otherwise, if the parties’ intent had been to waive their rights to litigate the issue of alimony in every respect, the phrase would be superfluous and meaningless. Instead, the parties clearly agreed not to require a return to court to reduce the former husband’s alimony payments when the former wife begins receiving retirement benefits or social security payments that will reduce or replace her alimony. The parties have defined the amount of a future reduction in alimony based on an expected event and have agreed that court involvement will not be necessary to make this future change, but the parties may resort to the court to enforce this defined future modification after it takes effect. Essentially, the modification of alimony due to receipt of retirement benefits will be self-executing, and the parties thus agreed to remove one possible basis of future litigation.
In its order, the trial court relied on Agliano, 605 So.2d 597, a case in which we found that the language in the settlement agreement clearly expressed a waiver. Agliano is distinguishable because the settlement agreement unambiguously described the pax-ties’ irrevocable waiver of any and all modifications of any type of alimony.[1] Here, however, the language of *445 paragraph eight of the settlement agreement does not express a similar unambiguous and irrevocable intent to waive all future modifications. In fact, the potential for modification of alimony is anticipated by other language in paragraph eight. For example, the second sentence of the paragraph states that “if appropriate motions are filed regarding the competency of the Wife at the time of the remarriage of the Wife, the Court will reserve jurisdiction to examine and address the issue at that time.” This suggests that the parties intended that alimony could be modified for reasons other than receipt of future retirement payments.
We reverse the final judgment of dismissal and remand for reinstatement of the former wife’s petition and further proceedings.
SALCINES, J., and GREEN, OLIVER L., Senior Judge, Concur.

. In Agliano v. Agliano, 605 So.2d 597, 598 (Fla. 2d DCA 1992), we found the following language to be an unambiguous expression of waiver:
Both parties irrevocably waive any and all modification entitlement respecting the rehabilitative and lump sum alimony benefits ..., and agree that said rehabilitative and lump sum benefits shall be non-modifiable by either party during the term of said payments, or thereafter, and the parties hereby specifically agree that this is an irrevocable waiver of any and all right to subsequently petition the court for any modification of alimony, whether rehabilitative, lump sum or otherwise....