COPE, C.J.
This is an appeal from an order denying exceptions in proceedings subsequent to a dissolution of marriage. We affirm in part and reverse in part.
The first issue in this appeal is whether the appellant former wife or the appellee former husband was responsible for payment of the 2002 real estate taxes on the marital residence. During the divorce proceedings, the parties entered into a Marital Settlement Agreement. As to the marital home, the agreement provided:
9.1 MARITAL HOME: The Husband and his father jointly own the marital residence located at 3265 Allamanda Street, Miami, Florida 33133. The Husband and his father shall execute a Quit Claim Deed transferring their entire interest in this home to the Wife. However, said transfer is conditioned upon the Wife’s agreement not to sell, transfer or otherwise dispose of the property for a period of seven and one-half (7⅜) years. The Wife may rent the property during this period so long as she obtains replacement housing for herself and the minor child in the South Florida area (Dade, Broward or Palm Beach County). In order to secure the provisions of this paragraph, the Quit Claim Deed will be recorded along with this Agreement and a Lis Pendens in order to put any buyer on notice of the prohibition against sale for the seven and one-half (7½) years from the date of this Agreement. The home is not encumbered by a mortgage. The Wife shall be responsible for taxes, insurance, repairs and any other expense necessary to maintaining ownership of the property.
(Emphasis added).
At the time the parties signed the Agreement in May 2003, the 2002 real estate taxes were unpaid and overdue. The Agreement is silent on the responsibility for the overdue real estate taxes, which amounted to approximately $8,000.
Under another provision of the parties’ agreement, the former husband was required to pay the former wife $100,000 as equitable distribution. These amounts were payable in quarterly installments of $25,000. The former husband paid the first installment in full on August 15, 2003. By the time the second installment was due on November 15, 2003, the former husband became aware that the 2002 taxes on the real estate remained unpaid, and another $7,000 in real estate taxes had become due for 2003. The former husband unilaterally withheld $15,000 from *1165 the quarterly payment so that he could pay the 2002 and 2003 real estate taxes. This left the former wife with $10,000 for that quarter’s payment instead of the full $25,000.
The former wife filed an emergency motion for contempt which was referred to the general master. The general master took testimony in which the former husband testified that he told the wife about the overdue 2002 taxes prior to entry into the Marital Settlement Agreement. The former wife denied being told. The tax obligation was not disclosed on the former husband’s financial affidavit.
The general master ruled that the plain language of the agreement made the former wife responsible for all tax obligations on the real estate, whether overdue or not. The master ruled that the former wife was obligated to pay the overdue 2002 real estate taxes as well as the 2003 real estate taxes.
The former wife filed exceptions to the ruling regarding the overdue 2002. taxes, maintaining that under the Marital Settlement Agreement, those were the responsibility of the former husband. The circuit court denied the former wife’s exceptions and the former wife has appealed.*
It has been said that:
The trial court’s interpretation of marital settlement agreements is subject to de novo review. Settlement agreements are to be interpreted in accordance with laws governing contracts. Thus, absent evidence of the parties’ intent to the contrary, the unambiguous language of the agreement should be interpreted according to its plain meaning. The court should also consider the object sought by the provision of the agreement.
Johnson v. Johnson, 848 So.2d 1272, 1273 (Fla. 2d DCA 2003) (citations omitted).
Under the facts of this case, title to the marital home was held by the former husband and his father jointly, and the former wife did not have an ownership interest in the real estate. The parties’ agreement called for a conveyance of the real estate to the former wife, where she had not previously been a record title owner, and made her “responsible for taxes, insurance, repairs and any other expense necessary to maintaining ownership of the property.”
As we view the matter, the parties’ agreement made the former wife responsible for obligations coming due during her period of ownership. The 2002 taxes, however, came due (and became overdue) during the former husband’s period of ownership and therefore were the obligation of the former' husband. We therefore reverse the order now before us regarding the overdue 2002 taxes and remand for entry of judgment for the former wife on that issue.
As to the former wife’s second issue on appeal, we affirm the order now before us on authority of Braswell v. Braswell, 881 So.2d 1193, 1198 (Fla. 3d DCA 2004).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

 The parties and general master agreed on a procedure for payment of the disputed 2002 real estate taxes, pending final resolution of this litigation.