HAZOURI, J.
The former wife, Christina Cook, timely appeals the trial court’s order denying her post-dissolution petition for modification of alimony. We reverse and remand for further proceedings.
After nineteen years of marriage, the parties petitioned for dissolution of marriage. They entered into a mediated marital settlement agreement (“MSA”) which was incorporated into the final judgment of dissolution. The parties had four children and three of them were still minors at the time of the dissolution. The MSA provided in pertinent part:
(2) ... Husband shall pay child support in the amount of $1500 monthly to the wife, commencing Feb. 1, 2005. On February 1, 2010, the parties shall agree to modify the child support to the guideline amount for the remaining minor child ...
(3) Out of the $1500 child support, wife agrees that the husband shall timely pay the monthly mortgage and condo maintenance fees ...
[[Image here]]
(6) The wife does not waive alimony. The husband shall pay the sum of $1 annually. This amount may be modified upon any modification in custody of the minor children, such that the alimony obligation would be increased. It is the intent of the parties that the wife be able to modify this amount at any time there is a modification to the custody provisions of this Agreement.
In March 2010, the former husband, Edward T. Cook, Jr., petitioned the trial court for a modification of child support as there was only one remaining minor child. The former wife counter-petitioned for a modification of alimony because of a substantial change in circumstances. Before the hearing on the petitions, the former husband moved for summary judgment on the former wife’s claim for modification of alimony asserting that because there had not been any modification in custody, the former wife did not have the right to modify alimony as it was limited to those circumstances which were a condition precedent pursuant to paragraph (6) of the MSA. The trial court denied the motion for summary judgment.
After the hearing on the petitions, the trial court reduced the former husband’s child support obligation to $764 per month. On the former wife’s petition for modification of alimony, the trial court held:
4. The Former Wife’s Supplemental Petition for Modification of Alimony is denied. The Former Wife did not waive alimony in the parties’ Marital Settlement Agreement as incorporated into the Final Judgment, but the parties’ Agreement provided that alimony was modifiable only in the event that custody was modified. As custody has not been modified in this case, there is no basis for modification of the alimony provisions of the parties’ Marital Settlement Agreement and Final Judgment of Dissolution of Marriage.
The former wife argues that the trial court erred in holding that the MSA provision on alimony “provided that alimony was modifiable only in the event that custody was modified.” The former husband responds that the trial court properly found that modification of child custody was a condition precedent to any modification of alimony.
In an appeal of the trial court’s interpretation of a marital settlement agreement:
*685 The issue before us is whether the trial court erred, as a matter of law, in its interpretation of the agreement. “The interpretation of the wording and meaning of the marital settlement agreement, as incorporated into the final judgment, is subject to de novo review.” Moreover, absent any evidence that the parties intended to endow a special meaning in the terms used in the agreement, the unambiguous language is to be given a realistic interpretation based on the plain, everyday meaning conveyed by the words. Finally, a court must construe a contract in a manner that accords with reason and probability; and avoid an absurd construction.
Kipp v. Kipp, 844 So.2d 691, 693 (Fla. 4th DCA 2003).
Under section 61.14, Florida Statutes (2011), statutory modification is available to a former spouse and is subject to being waived. “[A]n effective waiver of the right to modification may be deemed to arise only when it is stated either in express terms or through an interpretation of the agreement as a whole which can fairly lead to no other conclusion.” Bassett v. Bassett, 464 So.2d 1203, 1205 (Fla. 3d DCA 1984).
The trial court’s conclusion that the former wife may modify alimony only if there was a modification of custody suggests such modification of custody was a condition precedent to any modification of alimony. In In re Estate of Boyar, 592 So.2d 341 (Fla. 4th DCA 1992), this court addressed the principle of conditions precedent and explained:
As a general rule, conditions precedent are not favored, and courts will not construe provisions to be such, unless required to do so by plain, unambiguous language or by necessary implication. 17A Am.Jur.2d Contracts § 471 (1991). Some of the rules of construction associated with determining whether a doubtful provision is a condition precedent are set forth in Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1 (Tex.1976), wherein the court said:
Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty. While no particular words are necessary for the existence of a condition, such terms as “if’, “provided that”, “on condition that”, or some other phrase that conditions performance, usually connote an intent for a condition rather than a promise. In the absence of such a limiting clause, whether a certain contractual provision is a condition, rather than a promise, must be gathered from the contract as a whole and from the intent of the parties.
However, where the intent of the parties is doubtful or where a condition would impose an absurd or impossible result then the agreement will be interpreted as creating a covenant rather than a condition....
Id. at 3 (citations omitted).
Id. at 343. Paragraph (6) does not contain a limiting clause that waives the former wife’s right to modify alimony under circumstances other than after a modification to the custody restrictions. It specifically allows for the modification of alimony if there is a modification to the custody restrictions but does not restrict the modification of alimony to only those circumstances. This is not a condition precedent.
“Parties to a marriage may waive their statutory right to seek modification of alimony provisions in a settlement agreement if the language in the agreement clearly and unambiguously expresses waiver or if the ‘interpretation of the agreement as a *686 whole can lead to no other conclusion but waiver.’” Tapp v. Tapp, 887 So.2d 442, 444 (Fla. 2d DCA 2004) (citation omitted). The former wife has not waived her right to seek a modification of alimony. We reverse the trial court’s finding that there was no basis for the former wife’s claim and remand for further proceedings pursuant to section 61.14(l)(a), Florida Statute (2011).

Reversed and remanded for further proceedings.

GROSS and CONNER, JJ., concur.