DAVIS, Judge.
John Centeno, the Former Husband, challenges the trial court’s order denying his petition to modify the alimony provisions of the final judgment of dissolution of his marriage to Joanne Centeno, the Former Wife. We reverse.
On May 12, 2008, the trial court entered its final judgment of dissolution, incorporating the parties’ mediated settlement agreement (MSA). The final judgment awarded the Former Wife rehabilitative alimony of $5000 per month for five years. However, by the terms of the MSA, the parties agreed to certain self-executing modifications of the term and amount of rehabilitative alimony should the Former Wife remarry within the five-year term.
Specifically, the MSA provides as follows: “Except as set forth below, the *1260 term of the rehabilitative alimony shall be non-modifiable [sic;] however, since the alimony is insufficient to meet the needs of the wife as established during the parties’ marriage, the amount of the alimony shall be modifiable.” The MSA further provides that should the Former Wife remarry within the first three years after dissolution, the Former Husband’s alimony obligation would automatically be reduced to $2000 per month and the term would be shortened to twenty-four months following the remarriage. Additionally, according to the MSA, if the Former Wife remarried at any time between the beginning of the third year and the conclusion of the fifth year after dissolution, the Former Husband’s alimony obligation would be reduced to $2000 per month for the remainder of the five-year term. This paragraph of the MSA specifically states that “[t]he payments established by this paragraph shall be non-modifiable [sic] as to amount and duration.”
The MSA also includes a provision for the extension of the rehabilitative alimony at the rate of $2000 a month for an additional twenty-four months should the original five-year term expire and the Former Wife remain unmarried. Again, this provision specifically states that the payments “shall otherwise be non-modifiable [sic] as to amount and duration.”
Postdissolution, the Former Husband failed to make the alimony and child support payments required by the MSA as incorporated into the final judgment. The Former Wife therefore filed a motion seeking to hold the Former Husband in contempt, to enforce his support obligations, and to award her attorney’s fees and costs. The Former Husband then filed a petition for a downward modification of the amounts of his alimony and child support obligations.
In considering the pleadings, the trial court found that by the language of the MSA, the Former Husband had waived his rights to seek modification of the amount of the rehabilitative alimony. Because the Former Wife had not remarried and the sixty-month term had not expired, the only language that was subject to review by the trial court was the initial statement setting forth the length of the term and the amount of the rehabilitative alimony. The trial court agreed with the Former Wife that the phrase “since the alimony is insufficient to meet the needs of the wife” limited the parties’ rights to modify to only her right to seek an increase. Accordingly, the trial court granted the Former Wife’s motion for summary judgment on the waiver issue. This was error.
“Parties to a marriage may waive their statutory right to seek modification of alimony provisions in a settlement agreement if the language in the agreement clearly and unambiguously expresses waiver or if the ‘interpretation of the agreement as a whole can lead to no other conclusion but waiver.’ ” Tapp v. Tapp, 887 So.2d 442, 444 (Fla. 2d DCA 2004) (quoting Sasnett v. Sasnett, 683 So.2d 177, 178 (Fla. 2d DCA 1996)). Here, the language of the MSA provisions contemplating the Former Wife’s remarriage demonstrates a clear intent to make those provisions nonmodifiable. The terms are clear and leave no room for interpretation.
However, the expression in the initial statement is not so clear. The phrase “since the amount of the alimony is insufficient to meet the needs of the wife ... the amount of alimony shall be modifiable” suggests that the Former Wife may indeed seek an increase in the amount of the alimony should the Former Husband’s income increase. But the language does not clearly and plainly state that such would *1261 be the only circumstance under which modification may occur. The language of the MSA here is analogous to that of the agreement in Cook v. Cook, 94 So.3d 683 (Fla. 4th DCA 2012). There, the issue was the modification of alimony rather than child support. The parties’ agreement required the former husband to pay alimony in the amount of $1 annually but also provided as follows:
This amount may be modified upon any modification in custody of the minor children,. such that the alimony obligation would be increased. It is the intent of the parties that the wife be able to modify this amount at any time there is a modification to the custody provisions of this [a]greement.
Id. at 684. When the former wife in Cook sought a modification in alimony even though there was no change in custody, the trial court determined that the agreement limited any modification to instances where there had been a change in custody; because this had not occurred, the court denied the former wife’s request. Id.
The Fourth District, however, determined that this language was not a limiting condition. Id. at 685. That is, although it gave the former wife the right to seek a modification when a change in custody occurred, that description did not preclude any other attempts to seek modification of the alimony amount. Id. The Fourth District concluded that “[a]s a general rule, conditions precedent are not favored, and courts will not construe provisions to be such, unless required to do so by plain, unambiguous language or by necessary implication.” Id. (quoting In re Estate of Boyar, 592 So.2d 341, 343 (Fla. 4th DCA 1992)).
We conclude that the language of the instant MSA also describes one set of facts under which the amount of rehabilitative alimony may be modified but does not in clear and express terms limit modification to only that one set of facts. The terms are not a clear and unambiguous waiver by the Former Husband of his statutory right to seek modification, and we decline the invitation to read the language as a condition precedent to his seeking relief.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
CRENSHAW and MORRIS, JJ„ Concur.