IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SIDNEY C. ROSENTHAL,

      Appellant,

v.

GRETCHEN A. ROSENTHAL,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1035

Opinion filed September 13, 2016.

An appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

Stephen A. Pitre of Clark Partington, Pensacola, and Trevor A. Thompson of Clark Partington, Tallahassee, for Appellant.

Travis R. Johnson of Meador, Johnson & Bushness, P.A., Pensacola, for Appellee.

WOLF, J.

      Appellant, the former husband, entered into a marital settlement agreement with the former wife that was incorporated into the trial court's final judgment of dissolution of marriage. The former husband later petitioned to modify the alimony awarded to the former wife in accordance with the marital settlement agreement

because of the former wife's cohabitation with a third party. The trial court dismissed the petition, holding that the parties had impliedly waived the right to modify the alimony award pursuant to the language of the marital settlement agreement. The former husband argues the trial court's determination was erroneous because the marital settlement agreement contained neither an explicit waiver of the right to modify alimony nor unambiguous language demonstrating the intent of the parties to waive the right to modify the alimony award. We agree and reverse and remand for the trial court to hold further proceedings concerning the intent of the parties regarding modification and whether the former husband has demonstrated entitlement to modification.

## I. The Marital Settlement Agreement

The marital settlement agreement did not explicitly contain language waiving the parties' right to modify the alimony amount detailed in the marital settlement agreement.

As to alimony, the agreement awarded the former wife staggered monthly awards over a period of five years: for the first year, she would receive $6,500 monthly; in the second year, she would receive $6,000 monthly; in the third and fourth years, she would receive $5,500 monthly; and in the fifth year, she would receive $5,000 monthly. The "alimony" provision noted that the alimony payments "shall terminate on June 30, 2018 or the death of either party." The "alimony"

2

provision was silent regarding future modification of the award; the "child support" provision, on the other hand, specifically stated, "The child support numbers may be modified at any time if there is a substantial change in the circumstances."

The agreement also contained a "modification" provision, which noted the burden of proof "[i]n the event either party seeks to modify **any provision** of this Agreement in Court," apparently allowing modification in certain circumstances. (Emphasis added).

## II. Analysis

The standard of review in this case is de novo. See Graham v. Graham, 123 So. 3d 625, 627 (Fla. 1st DCA 2013) ("Interpretation of marital settlement agreements is subject to de novo review, just as any other contract interpretation is, at least in the absence of parol evidence.").

Section 61.14(1)(a), Florida Statutes (2013), allows for the modification of a marital settlement agreement that awards alimony to a party in a dissolution proceeding if "the circumstances or the financial ability of either party changes." "In Florida, the statutory right to modification, unless specifically waived, is incorporated as a matter of law in any agreement or judgment providing for alimony." Harmon v. Harmon, 629 So. 2d 1011, 1012 (Fla. 4th DCA 1993).

3

The right to modify awarded alimony may be waived by either party, and this waiver may be implied; however, an implied waiver must be clear and unambiguous: "'Parties to a marriage may waive their statutory right to seek modification of alimony provisions in a settlement agreement if the language in the agreement clearly and unambiguously expresses waiver or if the interpretation of the agreement as a whole can lead to no other conclusion but waiver.'" Cook v. Cook, 94 So. 3d 683, 685-86 (Fla. 4th DCA 2012) (quoting Tapp v. Tapp, 887 So. 2d 442, 444 (Fla. 2d DCA 2004) (internal citation omitted)).

Here, we find the language of the marital settlement agreement did not clearly and unambiguously indicate the parties' intent to waive the right to modify the alimony award.

The former wife urges us to read the marital settlement agreement as containing an implied waiver of the right to modify the alimony award because the agreement did not explicitly state the award was modifiable. She contends the "child support" provision's explicit allowance of modification, coupled with the "alimony" provision's silence on the matter, proved the parties' intent to imply waiver of the right to modify the alimony award. We do not agree when the agreement is read as a whole.

This particular agreement also included a "modification" provision that alluded to the ability of the parties to modify "any provision" of the agreement. At

4

best, we find the agreement was ambiguous regarding the parties' right to modify the alimony award and decline to find the agreement's silence indicated a clear intent to disallow such modification.

The former wife further emphasizes the marital settlement agreement allowed for termination of the alimony award in only two circumstances: when five years passed or when either party died. She claims the agreement's silence in the case of the former wife's cohabitation with a third party indicated the parties' clear waiver of the right to modify alimony for that reason, citing <u>DePoorter v. DePoorter</u>, 509 So. 2d 1141, 1145 (Fla. 1st DCA 1987) ("An agreement which fails to make provision for unmarried cohabitation **may** be interpreted as precluding reduction or termination of alimony on that ground.") (emphasis added).

However, <u>DePoorter</u> differs from the current case. There, an evidentiary hearing was held where the former wife presented testimony; such testimony might have included parol evidence regarding the parties' intent to waive the right to modify alimony payments. <u>Id.</u> at 1144 n.4. Here, no such parol evidence was admitted, and the marital agreement itself is silent regarding the modification of the alimony award.

Again, without the assistance of parol evidence to determine the parties' clear intent, we decline to determine that the agreement's silence unambiguously

indicated the parties' desire to prevent the modification of the alimony award where other provisions of the agreement created ambiguity by suggesting the parties' opposite intent. Because of the ambiguity of the agreement as a whole regarding the modification of the alimony award, we cannot agree with the trial court's determination that "one can reach no other conclusion or interpretation other than there is an implied waiver of the right to modify alimony."

We further find the former wife's claim that the marital settlement agreement was a marital property settlement agreement, and therefore the alimony award was inherently nonmodifiable, meritless.

"It is well settled that a 'true' or 'pure' marital settlement agreement, containing provisions whereby one party surrenders valuable property interests in consideration for the right to receive periodic payments, is not subject to modification.'" Hughes v. Hughes, 553 So. 2d 197, 198 (Fla. 2d DCA 1989) (citing Salomon v. Salomon, 196 So. 2d 111, 112 (Fla. 1967)). "The test for determining when periodic payments constitute support or a methodology for division of property, seems to be whether the payor spouse's payments are given in exchange for a reciprocal exchange of property interests from the recipient spouse." Petty v. Petty, 548 So. 2d 793, 795 (Fla. 1st DCA 1989). The plain language of the agreement did not specifically reflect such a bargained-for exchange.

6

We, therefore, REVERSE the trial court's dismissal of the former husband's petition to modify the alimony award and REMAND for the trial court to conduct further proceedings to determine if a waiver was contemplated by the parties, and if not, whether the former husband is entitled to modification.

B.L. THOMAS and OSTERHAUS, JJ., CONCUR.