NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEE KALLETT,                          )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D16-1219
                                      )
SHERYL KASTRINER,                     )
                                      )
          Appellee.                   )
_____)

Opinion filed August 30, 2017.

Appeal from the Circuit Court for
Hillsborough County; Nick Nazaretian,
Judge.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa, for Appellant.

Raymond T. Elligett, Jr., and Amy S.
Farrior, of Buell & Elligett, P.A., Tampa,
for Appellee.

BADALAMENTI, Judge.

Lee Kallett, the Former Husband, appeals from the trial court's order

denying his postdissolution petition for downward modification of his alimony obligation.

The trial court concluded that the Former Husband, in a 2008 settlement agreement,

forever waived his right to seek a downward modification unless he became

involuntarily unemployed.  Because our review of the settlement agreement does not reveal a clear and unambiguous intent to waive the Former Husband's statutory right to seek modification, we reverse and remand for further proceedings pursuant to section 61.14, Florida Statutes (2014).

## FACTUAL AND PROCEDURAL BACKGROUND

The Former Husband and the Former Wife, Sheryl Kastriner, dissolved their marriage in 2006.  The trial court ordered the Former Husband to pay the Former Wife permanent periodic alimony in the amount of $4000 per month.  In 2008, the parties entered into a stipulated settlement agreement where they agreed to reduce the Former Husband's alimony obligation by $500 per month on account of a reduction in his income.  The trial court later ratified this stipulation.

Six years later, in 2014, the Former Husband filed a petition seeking an additional reduction of his alimony obligation.  In response to this petition for modification, the Former Wife filed a motion for summary judgment arguing that the 2008 stipulation prohibits the Former Husband from seeking further reduction of his alimony obligation unless he is involuntarily unemployed.  In making this argument, the Former Wife relied on paragraph seven of the 2008 stipulation, which reads as follows:

> The Former Husband shall seek no further reduction of his alimony obligation before December 31, 2010, and the Former Husband shall not be entitled to any further reduction of his alimony obligation prior to December 31, 2010.  The Former Husband may seek downward modification of his alimony obligation only if he is involuntarily unemployed.

The Former Wife argued that paragraph seven should be interpreted as accomplishing two things.  First, paragraph seven prohibits the Former Husband from seeking modification of alimony for any reason prior to December 31, 2010.  Second, paragraph

- 2 -

seven prohibits the Former Husband from seeking alimony modification after December 31, 2010, unless he is involuntarily unemployed. She thus asserted that because it was undisputed that the Former Husband was not involuntarily unemployed at the time of filing his 2014 petition for a reduction in alimony, she should be granted summary judgment.

The trial court agreed with the Former Wife that paragraph seven permanently barred the Former Husband from seeking modification of his alimony obligation unless he is involuntarily unemployed. The court noted that it was applying "a strict construction" of paragraph seven. Concluding that the Former Husband was not involuntarily unemployed, the court granted the Former Wife's motion for summary judgment, denied the Former Husband's 2014 petition for alimony reduction, and entered final judgment in favor of the Former Wife.

## DISCUSSION

On appeal, the Former Husband argues that paragraph seven of the parties' 2008 stipulation did not represent an unambiguous permanent waiver of his right to seek modification of his alimony obligation. We agree and reverse.

We review a trial court's order granting summary judgment de novo. Jarrard v. Jarrard, 157 So. 3d 332, 337 n.5 (Fla. 2d DCA 2015) (citing Hornfischer v. Manatee Cty. Sheriff's Office, 136 So. 3d 703, 706 (Fla. 2d DCA 2014)). Likewise, we review a trial court's interpretation of a settlement agreement, as incorporated into a dissolution judgment, de novo. Tapp v. Tapp, 887 So. 2d 442, 444 (Fla. 2d DCA 2004) (citing Johnson v. Johnson, 848 So. 2d 1272 (Fla. 2d DCA 2003)).

Section 61.14(1)(a) allows a party to apply to a circuit court for an order modifying an alimony obligation created by agreement. This statutory right to seek modification may be waived only "if the language in the agreement clearly and unambiguously expresses waiver or if the 'interpretation of the agreement as a whole can lead to no other conclusion but waiver.' " Tapp, 887 So. 2d at 444 (quoting Sasnett v. Sasnett, 683 So. 2d 177, 178 (Fla. 2d DCA 1996)). If a party has not expressed a clear and unambiguous intent to waive their statutory right to seek modification, it is error for a trial court to conclude that a party has waived such right. See Centeno v. Centeno, 109 So. 3d 1259, 1261 (Fla. 2d DCA 2013) (reversing the denial of a petition to modify alimony where the terms of the settlement agreement did not provide "a clear and unambiguous waiver by the Former Husband of his statutory right to seek modification"); Tapp, 887 So. 2d at 445 (reversing the dismissal of a petition to modify alimony where the terms of the settlement agreement did not express an "unambiguous and irrevocable intent to waive all future modifications").

Here, the 2008 stipulation reduced the Former Husband's alimony obligation effective June 1, 2008. Paragraph seven of that stipulation contains only two sentences. The first sentence of paragraph seven restricts the Former Husband from seeking a further reduction of alimony before December 31, 2010, as follows, "The Former Husband shall seek no further reduction of his alimony obligation before December 31, 2010, and the Former Husband shall not be entitled to any further reduction of his alimony obligation prior to December 31, 2010." The second sentence sets forth that involuntary unemployment is the only condition upon which the Former Husband may seek a reduction of alimony as follows, "The Former Husband may seek

- 4 -

downward modification of his alimony obligation only if he is involuntarily unemployed." But it is unclear as to what time period this second sentence applies.

The trial court construed paragraph seven to mean that the Former Husband: (1) could not seek an alimony reduction prior to December 31, 2010, for any reason, even involuntary unemployment, and (2) could only seek an alimony reduction after December 31, 2010, if he is involuntarily unemployed. In other words, the trial court determined that the second sentence of paragraph seven permanently limits the Former Husband's ability to seek modification after December 31, 2010, unless he becomes involuntarily unemployed.

But, reading both sentences of paragraph seven together, another reasonable interpretation is that the second sentence's purpose is to directly modify the first sentence to give the Former Husband a relief valve should he become involuntarily unemployed before the expiration of the time period ending December 31, 2010. Under this latter interpretation, the second sentence applies only to the time period ending December 31, 2010, and therefore does not act to permanently limit the Former Husband's ability to seek modification for reasons other than involuntary unemployment.

It is simply unclear whether the Former Husband intended the "involuntary unemployment" language set forth in the 2008 stipulation to apply as the sole exception to him filing a petition for modification prior to December 31, 2010, or as the sole exception to him filing a petition for modification after December 31, 2010. Or, as the trial court noted, it may be that there were no circumstances under which the Former Husband could have requested an additional alimony reduction prior to December 31, 2010, and only one circumstance—involuntary unemployment—under which the Former

- 5 -

Husband could have requested an additional alimony reduction in perpetuity. Gleaning these various interpretations of the 2008 stipulation supports our conclusion that it did not express an unambiguous and irrevocable intent to waive all future modification requests by the Former Husband unless he became involuntarily unemployed. As such, we reverse the summary judgment and remand with instructions for the trial court to reinstate the Former Husband's petition and for further proceedings pursuant to section 61.14. See Tapp, 887 So. 2d at 445.

Reversed and remanded for further proceedings.

VILLANTI and WALLACE, JJ., Concur.