IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ADELE ISPASS,

       Appellant,

 v.                                 Case No.  5D17-425

ALAN B. ISPASS,

       Appellee.

_____/

Opinion filed February 2, 2018

Appeal from the Circuit Court
for Seminole County,
Michael J. Rudisill, Judge.

Clifton H. Gorenflo, of Gray, Gorenflo &
Partlow, P.A., Sanford, for Appellant.

Kristin J. Coffey, of Green Family Law, P.A.,
Orlando, for Appellee.

EDWARDS, J.

     Adele Ispass ("Former Wife") appeals the trial court's order dismissing her supplemental petition to modify the amount and duration of alimony to be paid by Alan Ispass ("Former Husband").  The trial court based the dismissal with prejudice on its determination that it lacked jurisdiction to modify the duration of alimony.  We agree with Former Wife that the trial court had jurisdiction; thus, we remand for further proceedings.

The parties married in 1975, had two children together, and divorced in 2000. They entered into a Marital Settlement Agreement ("MSA") in 2000 that was incorporated into the final judgment dissolving their marriage. The MSA provided that Former Husband would pay Former Wife $2250 per month in alimony unless he became permanently disabled or retired after age sixty-two, in which case she would receive her share of Former Husband's pension. The MSA stated that Former Husband would cease alimony payments immediately upon Former Wife's death, remarriage, or cohabitation.

In 2003, Former Wife filed a petition to increase child support. In response, Former Husband counter-petitioned to cease alimony payments based on Former Wife's cohabitation. The parties entered into a Mediation Agreement ("MA") that provided for child support and modified the alimony payments. Under the MA, Former Husband would continue paying $2250 per month in alimony until July 2006 when the monthly payments would be reduced to $1800, and then the payments would stop completely when Former Wife reached the age of sixty-two. As part of the MA, Former Husband agreed to waive his right to reduce or terminate alimony based on Former Wife's cohabitation. The MA incorporated the MSA except as to provisions amended by the MA. The trial court incorporated the MA into a final judgment of modification.

Two months before her sixty-second birthday, Former Wife filed a supplemental petition to modify alimony, seeking to increase the monthly amount above $1800 and extend the duration beyond her birthday. She based her request for modification on changed circumstances as a result of a cancer diagnosis that required her to stop

working, as well as the death of her paramour.[1]   She requested the trial court to recalculate the monthly payments based on the parties' current financial needs and abilities.  She filed an amended petition several months after her sixty-second birthday.  The amended petition contained the same requests but added a demand for attorney's fees.  Former Husband responded with a motion to dismiss, asserting that the trial court lacked jurisdiction to extend the duration of payments because the previously agreed upon time period for alimony payments had expired.

The trial court determined that it lacked subject matter jurisdiction, reasoning that section 61.14, Florida Statutes (2003), allows the court to confirm or change the amount of support but does not empower the court to change the duration.  As an additional reason for dismissing her petition with prejudice, the trial court ruled that Former Wife waived any right to extend alimony payments beyond her sixty-second birthday by entering into the MA.

Whether a court has jurisdiction over a case is a question of law reviewed de novo. *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005).  "A court has subject matter jurisdiction when it has the authority to hear and decide the case."  *In re Adoption of D.P.P*, 158 So. 3d 633, 636 (Fla. 5th DCA 2014) (citing *The Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988)).  Section 61.14(1)(a) specifically grants circuit courts the authority to hear modification of alimony cases in the circuit in which the agreement was executed. § 61.14(1)(a), Fla. Stat. (2003).

---

[1] Former Husband asserted that he was also diagnosed with cancer and retired early as a result.

**Subject Matter Jurisdiction**

Here, the Final Judgment Dissolving Marriage and the Final Judgment of Modification were both executed in the Eighteenth Judicial Circuit Court, and Former Wife filed her supplemental petition with the same court. Although the trial court stated in its order granting the motion to dismiss that "there is no specific reservation of Subject Matter Jurisdiction to modify alimony," such reservation is not required. *See Walker v. Walker*, 80 So. 3d 1128, 1129 (Fla. 4th DCA 2012). Because the statute grants the court the power to hear the case and because Former Wife filed the supplemental petition in the same court where the final judgments were executed, the trial court did have subject matter jurisdiction and erred in dismissing the petition based on a lack of subject matter jurisdiction.

**Expiration of Agreed Upon Alimony Period**

The trial court also found that it lacked jurisdiction to entertain Former Wife's petition for modification because the agreed-upon time period for alimony had expired by the time of its ruling. However, after awarding alimony, "the court retains jurisdiction to enforce the award and to consider modification at any time during the period provided for support." *Kelsey v. Kelsey*, 636 So. 2d 77, 78 (Fla. 4th DCA 1994). Although Former Wife waited until two months before her sixty-second birthday, her petition was filed during the alimony payment period, making it timely. *See* § 61.14(1)(a), Fla. Stat. (2003); *Paulk v. Paulk*, 504 So. 2d 790, 790 (Fla. 1st DCA 1987). Although the payment period expired before the court ruled, we reverse and remand for further proceedings because the trial court had jurisdiction to entertain and rule on the petition.

4

**Authority to Extend Duration of Alimony**

The trial court ruled that section 61.14, Florida Statutes (2003), allows for a party to petition the court only for an increase or decrease in the amount of alimony upon a showing of changed circumstances or financial ability. The court stated that it did not have jurisdiction to modify "the duration of the alimony, simply the amount." Although section 61.14 does not explicitly provide for an extension in the duration of an alimony award, courts have nevertheless done so. When alimony is set by an agreement between parties, courts can, upon a showing of changed circumstances, modify the duration of agreed-upon alimony payments. *See, e.g.*, *Powell v. Powell*, 527 So. 2d 260, 261 (Fla. 3d DCA 1988); *Brooks v. Brooks*, 423 So. 2d 995, 996 (Fla. 3d DCA 1982).[2] The trial court pointed out that, until July 1, 2010, there was no statutory provision for durational alimony, which is essentially the form of support that these parties had agreed upon. However, now that durational alimony is statutorily recognized, section 61.08(7), Florida Statutes (2011), allows for an extension on the length of an award upon a showing of exceptional circumstances as long as the award does not exceed the length of the marriage. § 61.08(7), Fla. Stat. (2011). Thus, courts can extend alimony payments depending on the type of alimony and a proper showing of changed circumstances.

---

[2] Although these are older cases, the relevant statutory language of section 61.14 remains the same. *See Muss v. Muss*, 390 So. 2d 415, 416 (Fla. 3d DCA 1980) ("'[T]he court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties . . . , decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement . . . .'" (quoting § 61.14(1), Fla. Stat. (1979)).

**Waiver of the Right to Petition for Modification**

Former Wife argues that the court erred in finding that she waived the right to modify alimony when she agreed that the alimony payments would cease on her sixty-second birthday. "In Florida, the statutory right to modification, unless specifically waived, is incorporated as a matter of law in any agreement or judgment providing for alimony." *Harmon v. Harmon*, 629 So. 2d 1011, 1012 (Fla. 4th DCA 1993). "The right to modify awarded alimony may be waived by either party, and this waiver may be implied; however, an implied waiver must be clear and unambiguous." *Rosenthal v. Rosenthal*, 199 So. 3d 541, 542 (Fla. 1st DCA 2016). Here, the MA specifically states that the parties retained the right to modify the agreement according to Florida law. Thus, it was error to dismiss Former Wife's petition for modification with prejudice at that stage of the proceedings. Because we are remanding the case, the trial court may consider the waiver issue if the parties properly present it.

REVERSED AND REMANDED.

SAWAYA and BERGER, JJ., concur.